[No. B121005. Second Dist., Div. Two. Nov. 25, 1998.]

CANON U.S.A., INC., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
RHULEN COMPANY, INC., et al., Real Parties in Interest.

## COUNSEL

Bird, Marella, Boxer, Wolpert & Matz, Terry W. Bird, Thomas R. Freeman, John M. McCoy III, Dorsey & Whitney, Richard H. Silberberg, Patrick J. Feeley and Robert G. Manson for Petitioners.

No appearance for Respondent.

Engstrom, Lipscomb & Lack, Walter J. Lack, Paul A. Traina, Daniel J. Padova, Girardi & Keese, Thomas V. Girardi, Dressler, Rein, Evans & Sestanovich and Salvador P. LaVina for Real Parties in Interest.

## OPINION

**BOREN, P. J.**—Petitioners, Canon U.S.A., Inc. (Canon USA), Astro Business Solutions, Inc., Ambassador Business Solutions, Inc., and MCS Business Solutions, Inc., seek a writ of mandate directing the superior court to set aside an order denying their motion to strike from the first amended complaint of real parties in interest[1] all references to a purported nationwide class of purchasers and lessees of certain models of Canon-brand color laser copiers. *Osborne* v. *Subaru of America, Inc.* (1988) 198 Cal.App.3d 646 [243 Cal.Rptr. 815] (*Osborne*) holds that California courts should not, absent a "special obligation" to do so, undertake the massive burden of adjudicating *nationwide* class action lawsuits when to do so would require the trial court to adjudicate issues by application of numerous different rules of law from the various states.

---

[1]Real parties in interest are The Rhulen Company, Inc., doing business as Comp King, Fototix Corporation, doing business as Foto Image, N.E. Photo Service, Printland, Alphagraphics, Colortek, TR Graphics, Inc., doing business as TR Digital Production, Glover R. Hayden, Digidoc Productions, HIE Printing, Select Graphics, G & S Graphics, and Sterling-Pierce Co., Inc.

The question here is whether, at the pleading stage, a court is permitted to strike nationwide class references based on the *Osborne* factors, or whether it is required to defer decision on the propriety of the class until an evidentiary hearing can be held on the appropriateness of class litigation. We conclude that a court should, at the pleading stage, consider the *Osborne* factors, and may, in an appropriate case, strike at that stage the nationwide class allegations.

## I. Factual Background

Canon USA, a Delaware corporation, is the United States distributor of Canon-brand color laser copiers, including the CLC700 and CLC800 models (CLC's).[2] The other petitioners are retail dealer subsidiaries of Canon USA that sell and service Canon-brand color laser copiers, including the CLC's.[3]

Real parties in interest, business entities that acquired CLC's, filed suit against petitioners on behalf of a class purportedly consisting of all purchasers and/or lessees of CLC's in the United States. Real parties allege that the CLC's are defective, and that Canon USA and the other defendants made, and conspired to make, false representations about the quality of the CLC's and the service provided by Canon-authorized technicians. Real parties set forth causes of action for fraud, conspiracy, negligent misrepresentation, breach of express warranty, breach of implied warranty, and unfair competition. They seek compensatory damages in excess of $100 million, plus punitive damages, attorneys' fees and injunctive relief.

Petitioners, relying primarily on *Osborne*, filed a motion to strike from the complaint all references to the purported nationwide class. The superior court denied the motion, and set a class certification evidentiary hearing. This petition for writ of mandate followed.

## II. Contention

Petitioners contend that "[t]he trial court's implicit determination that [real parties] need not meet their burden under *Osborne* at the pleading stage is incorrect."

---

[2]Canon USA is identified in the complaint as a Delaware corporation. Petitioners claim it is a New York corporation.

[3]The other, nonpetitioning defendants in this action are IKON Office Solutions and Danka Industries, Inc.

### III. DISCUSSION

#### A. *Class Allegations May Be Stricken at the Pleading Stage*

Code of Civil Procedure section 382 provides that a class action may be brought "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, . . ."

■ A party seeking to certify a class bears the burden of demonstrating that there exists an ascertainable class and a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. (*Brown* v. *Regents of University of California* (1984) 151 Cal.App.3d 982, 988 [198 Cal.Rptr. 916].)

In addition, while the trial court has an obligation to consider the use of subclasses and other innovative procedural tools proposed by a party to certify a manageable class, the trial court is also required to consider whether the combination of claims in a single action will substantially benefit both the parties and the court. (*Kennedy* v. *Baxter Healthcare Corp.* (1996) 43 Cal.App.4th 799, 808-809 [50 Cal.Rptr.2d 736]; see also *Osborne, supra*, 198 Cal.App.3d at p. 662.)

Where there is a "reasonable possibility" that the plaintiff in a class action can establish a community of interest among class members, "the preferred course is to defer decision on the propriety of the class action until an evidentiary hearing has been held on the appropriateness of class litigation." (*Rose* v. *Medtronics, Inc.* (1980) 107 Cal.App.3d 150, 154 [166 Cal.Rptr. 16].) However, where the invalidity of the class allegations is revealed on the face of the complaint, and/or by matters subject to judicial notice, the class issue may be properly disposed of by demurrer or motion to strike. (*Id.* at pp. 153-154 [sustaining a demurrer to a class action without leave to amend]; *Brown* v. *Regents of University of California, supra*, 151 Cal.App.3d at p. 991 [demurrer was properly sustained without leave to amend as to all unnamed class plaintiffs]; *Kennedy* v. *Baxter Healthcare Corp., supra*, 43 Cal.App.4th at p. 813 [demurrers sustained without leave to amend as to all unnamed class plaintiffs]; *Bozaich* v. *State of California* (1973) 32 Cal.App.3d 688, 692, 694 [108 Cal.Rptr. 392] [motion to strike from operative complaint all references to class plaintiffs].) In such circumstances, there is no need to incur the expense of an evidentiary hearing or class-related discovery.

## B. *Osborne*

In *Osborne*, the plaintiffs all experienced various engine breakdowns in their Subaru automobiles which they attributed to a defect in the design of the head gasket and valve system. Although the plaintiffs themselves owned Subarus in only three model years, they sought to certify a nationwide class on behalf of owners of new or used Subarus of model years 1969 through 1976, claiming all those models used the same defective engine design. (*Osborne, supra,* 198 Cal.App.3d at pp. 650-651.) At the time the plaintiffs moved to certify the nationwide class, their third amended complaint set forth causes of action for strict liability, fraud, breach of express warranty, negligent misrepresentation, negligence and breach of implied warranty. Both compensatory and punitive damages were sought. (*Id.* at p. 651.) After a hearing, the trial court ruled that, while the plaintiffs had framed an ascertainable class, separate questions of law and fact outweighed the common issues. The trial court found that the case had so many difficult and peculiarly individual issues that treating it as a class action would be disadvantageous to the judicial process and ultimately to the litigants themselves. (*Ibid.*) The Court of Appeal affirmed. It held that the trial court correctly concluded certification of a nationwide class would require the trial court to adjudicate issues by application of numerous different rules of law from the various states, and would result in numerous individual adjudications of fact. (*Id.* at pp. 654, 659.)

The *Osborne* court also held that "[i]n determining whether the nationwide class is appropriate, we think we must ask whether it would be of benefit to the courts and plaintiffs of this state or, if not, whether this state has some special obligation to adjudicate a nationwide class action." (*Osborne, supra,* 198 Cal.App.3d at p. 662.) The court then concluded that certification of the class would be disadvantageous. "To the extent certification of a nationwide class would require the adjudication of numerous legal and factual issues raised by non-California plaintiffs, including application of non-California law, the nationwide class action would not promote judicial economy in California courts for the simple reason that these issues would not be litigated here if a class were limited to California claimants. It is unrealistic to think that claimants from other states would pursue individual lawsuits against Subaru in California rather than in their home states. [¶] Nor is certification of a nationwide class of benefit to California claimants. Although plaintiffs have never sought certification of a California class, and we do not decide whether such a class is appropriate, plaintiffs have made no evidentiary showing that maintenance of such a class action would be economically unfeasible. We do not believe California claimants would be aided in their recovery by having to endure the many years of litigation that

would inevitably be entailed in the adjudication of a nationwide class claim. [¶] Nor do we perceive that California has any special obligation that would fairly call for this state to assume the burden of adjudicating this nationwide class action." (*Id.* at pp. 662-663.)

### C. *The Osborne Factors Should Be Considered at the Pleading Stage*

 Real parties in interest read *Osborne* to "stand for the proposition that if there is *a reasonable possibility* that plaintiffs can plead a *prima facie* community of interest and ascertainable class," the trial court should first allow class-related discovery to be conducted, and then set a class-certification hearing in order to determine whether the evidence garnered during the discovery process is sufficient to meet the plaintiffs' burden of proof.

While it is true that in *Osborne* the decision not to certify the class was made following an evidentiary hearing during which the plaintiffs were given an opportunity to present evidence garnered during discovery, an *Osborne* analysis does not turn on matters subject to discovery.

What real parties fail to acknowledge is that even if they had been given an opportunity—after conducting discovery—to present evidence conclusively demonstrating that there exists in this class action lawsuit common questions of fact which outweigh the separate questions of fact, the superior court would still have been required to determine whether the variations of applicable law among the various states would render the purported nationwide class unmanageable, *and* whether California has a "special obligation" to undertake the burden of a *nationwide* class action. (*Osborne, supra,* 198 Cal.App.3d at pp. 654-659, 662-663.) Such determinations can and should be made at the pleading stage.[4] The only information outside the pleadings needed to resolve the variation-of-law issue is an analysis of the conflicting laws of the 50 states—a matter properly considered in an attack on the pleadings.[5] In deciding whether California has a "special obligation" to undertake the nationwide class action, certain factors must be considered,

---

[4]The trial court could have assumed, for purposes of the motion to strike, that predominate questions of fact exist. The court could then, pursuant to *Osborne,* have performed a variation-of-law analysis, and considered whether California has a "special obligation" to undertake the massive burden of adjudicating the out-of-state class claims alleged within the complaint.

[5]Contrary to real parties' contention, the *Osborne* court's variation-of-state-law analysis did *not* include consideration of evidence obtained through discovery. Although the *Osborne* court cited several items of evidence, it considered that evidence only with respect to the *alternative* basis for its holding, not the variation-of-state-law analysis. The alternative basis for affirming the denial of class certification was that the plaintiffs' claims were inherently fact-intensive, even apart from the variation-of-state-law problems. (*Osborne, supra,* 198

including whether the nationwide class would promote judicial economy in California courts, whether California claimants would be aided in their recovery by class litigation, and the extent of the connection the parties have with California. (*Id.* at pp. 663-664.) These facts are often ascertainable by reference to the allegations contained within the complaint, or by reference to matters subject to judicial notice. Thus, consideration of this issue is proper in connection with a motion to strike.

### D. *Subclasses*

Certification was also denied in *Osborne* because the plaintiffs failed to show that subclasses could be created, or if they would be feasible, to maintain a class action. (*Osborne, supra,* 198 Cal.App.3d at pp. 658-659.) Real parties argue that they need discovery to demonstrate that subclasses are feasible. Again, discovery is not necessarily pertinent to that issue. Where there are state law variances, a plaintiff seeking class certification bears the burden of demonstrating how subclasses can be formed to alleviate the variation-of-law problem. (*Walsh* v. *Ford Motor Co.* (D.C. Cir. 1986) 807 F.2d 1000, 1016-1017 [257 App.D.C. 85]; *In re Ford Motor Co. Ignition Switch Products* (D.N.J. 1997) 174 F.R.D. 332, 350.) This is not a "factual" issue—as real parties assert—but one requiring plaintiffs to create a viable plan for subclassing the various states' conflicting laws that would effectively prevent individual issues from predominating. (*Ibid.*)

### IV. CONCLUSION

We conclude that a trial court should, at the pleading stage, consider the *Osborne* factors, i.e., whether certification of a *nationwide* class would require the trial court to adjudicate issues by application of numerous different rules of law from the various states, and whether California has a "special obligation" to undertake the litigation. Following such an analysis, the court may, in an appropriate case, strike the nationwide class allegations.

### V. DISPOSITION

Let a writ of mandate issue directing the superior court to vacate its order of April 2, 1998, denying petitioners' motion to strike from real parties' first amended complaint all references to a purported nationwide class of purchasers and lessees of CLC's. Respondent is directed—after providing the

---

Cal.App.3d at pp. 659-662.) In support of *that* basis for denying class certification, the court rejected plaintiffs' argument that reliance should be inferred on a class-wide basis because, among other things, the plaintiffs failed to submit any evidence that identical misrepresentations were made to each member of the would-be class. (*Ibid.*)

parties an adequate opportunity to brief the matter—to consider anew petitioners' argument that the nationwide class allegations should, pursuant to *Osborne*, be stricken.[6] The temporary stay is vacated. Real parties to bear the costs of this petition.

Fukuto, J., and Nott, J., concurred.

---

[6]This will offer real parties in interest an opportunity to submit a more thorough analysis of the conflicting laws of the various states, and to show how subclasses can be created, or if they would be feasible, to maintain a class action.