[No. B157114. Second Dist., Div. Seven. Apr. 26, 2004.]

DIANE NEWELL et al., Plaintiffs and Appellants, v.
STATE FARM GENERAL INSURANCE CO. et al., Defendants and
Respondents.

COUNSEL

Law Offices of Gretchen M. Nelson, Gretchen M. Nelson; Levy, Ram & Olson, Karl Olson; Girardi & Keese, Thomas V. Girardi, Robert M. Keese; Alexander, Hawes & Audet, William M. Audet, Ryan M. Hagan; Law Offices of Stephen C. Ball, Stephen C. Ball; Law Offices of George Hernandez and George Hernandez for Plaintiffs and Appellants.

Sedgwick, Detert, Moran & Arnold, Christina J. Imre, Robert M. Brava-Partain; Robie & Mathai, James R. Robie and Natalie A. Kouyoumdjian for Defendant and Respondent State Farm General Insurance Company.

Barger & Wolen, Steven H. Weinstein and Richard G. De La Mora for Defendants and Respondents Farmers Insurance Exchange and Mid-Century Insurance Company.

OPINION

**PERLUSS, P. J.**—Plaintiffs, proposed class representatives, appeal from the trial court's order sustaining a demurrer without leave to amend to the class action allegations in their complaint against their homeowners' insurance carriers regarding claims for policy benefits for damages incurred by the Northridge earthquake. The trial court found there was no reasonable possibility plaintiffs could satisfy the community of interest requirement for class certification and class treatment was not the superior method for resolving the litigation. We agree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The Lawsuit and Class Allegations*

The named plaintiffs in the operative third amended complaint are homeowners who were insured, including earthquake insurance, at the time of the Northridge earthquake. Diane Newell, individually and as a proposed class representative, brings suit against Farmers Insurance Exchange and Mid-Century Insurance Exchange (collectively, Farmers), and Maria Parra and Barbara Inkman, individually and as proposed class representatives, bring suit against State Farm General Insurance Company.[1] The named plaintiffs

---

[1] Other named plaintiffs sued Allstate Insurance Company and 21st Century Insurance Company. On November 13, 2003, at the request of the named plaintiffs suing 21st Century, we dismissed the appeal as to 21st Century. Also on November 13, 2003, pursuant to a joint request by the named plaintiffs suing Allstate and Allstate, we dismissed the appeal as to Allstate and Allstate's appeal from the trial court's order denying its special motion to strike under Code of Civil Procedure section 425.16.

allege with respect to their insurance carrier that they and members of the class they propose to represent were wrongfully denied policy benefits for damage caused to their homes by the Northridge earthquake. Through causes of action for declaratory relief, breach of contract, breach of the implied covenant of good faith and fair dealing and unfair competition pursuant to Business and Professions Code section 17200, plaintiffs seek compensatory and punitive damages, injunctive relief, attorney fees, prejudgment interest and costs.

The complaint is divided into subclasses, one against Farmers and one against State Farm. Each subclass consists of: "All persons and entities who had or have an ownership interest in a residential structure that was insured under an earthquake insurance policy with the [insurer defendant] and who submitted a claim for damages to said residential structure arising out of the Northridge Earthquake and (a) the claim was reduced or denied based upon depreciation reductions and/or the [insurer defendant] failed to explain the depreciation reductions; (b) who were denied benefits based upon the contention that the damages were below the class member's deductible; (c) the [insurer defendant] failed to provide a written factual basis for the denial or reduction of the claim; (d) the [insurer defendant] failed to explain in writing the available coverage; and/or (e) who still have pending an unresolved claim with the [insurer defendant] on their earthquake policy for damage arising from the Northridge Earthquake. The class is comprised of those individuals who were not represented by counsel and which counsel signed a written compromised settlement agreement between the class member and the [insurer defendant], and which counsel was admitted to the practice of law in California at the time of the settlement."[2]

The named plaintiffs allege they meet the requirements for class certification because (1) the members of each subclass are so numerous that joinder is impracticable; (2) common questions of law and fact as to all proposed class members predominate over questions affecting only individual class members; (3) the claims of the proposed class plaintiffs are typical of those of each putative class member; (4) the proposed class plaintiffs are adequate representatives; and (5) a class action is the superior method to resolve the litigation because individual lawsuits would be burdensome and expensive for both the parties and the judicial system. According to the named plaintiffs,

---

[2] Each class excludes (1) "any entity in which the [insurer defendant] ha[d] a controlling interest, any employees, officers, directors of the [insurer defendant], and any legal representatives, heirs, successors, and assignees of the [insurer defendant], and any judge assigned to hear this action"; (2) "any persons or entities who filed lawsuits against [the insurer defendant] arising out of the Northridge earthquake"; and (3) "any persons or entities who executed a written compromised settlement agreement with the [insurer defendant] and who were represented by counsel admitted to the practice of law in California at the time of such settlement and whose counsel signed the agreement."

the common issues include the practices and procedures used by Farmers and State Farm in settling Northridge earthquake claims.

### 2. *The Demurrer to the Class Action Allegations and the Trial Court's Ruling*

State Farm filed a demurrer to the class action allegations in the third amended complaint, contending plaintiffs could not satisfy the commonality or superiority requirements for certification; and Farmers joined in the demurrer. The trial court sustained the demurrer without leave to amend, ruling, although plaintiffs have claims typical of the proposed class and are adequate representatives, they "have not, and cannot sufficiently allege a *prima facie* 'community of interest.' " The court found "resolution of the 'common questions' alleged in [the complaint] would require the Court to make individualized determinations as to the Insurer Defendants' liability as to each putative class member. For all practical purposes, the 'common questions' alleged in [the complaint] would not predominate over individual issues in the litigation" and, therefore, "a class action would not be the superior means of resolving this dispute." The court "reache[d] this finding after numerous discussions in the instant matter and after hearing six class certification motions, for which full class discovery was afforded, in other Northridge Earthquake cases involving the same Plaintiffs' counsel or equally competent counsel." (Fn. omitted.)

Plaintiffs filed a timely notice of appeal. (*Linder v. Thrifty Oil Co.* (2000) 23 Cal.4th 429, 435 [97 Cal.Rptr.2d 179, 2 P.3d 27] ["denial of certification to an entire class is an appealable order"] (*Linder*).)[3]

## CONTENTION

Plaintiffs contend the trial court erred by sustaining without leave to amend the demurrer to their class action allegations because there is a reasonable possibility they can meet the requirements for class action certification.

## DISCUSSION

### 1. *Standard of Review*

In an appeal based on an order sustaining a demurrer without leave to amend, "[t]he reviewing court gives the complaint a reasonable interpretation,

---

[3] State Farm filed a notice of appeal from the trial court's order denying Allstate's special motion to strike under Code of Civil Procedure section 425.16 and its joinder in that motion. On May 16, 2003, at State Farm's request, we dismissed its appeal from that order.

and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.]" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966–967 [9 Cal.Rptr.2d 92, 831 P.2d 317].)

 " 'Where the complaint is defective, "[i]n the furtherance of justice great liberality should be exercised in permitting a plaintiff to amend his complaint, and it ordinarily constitutes an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable possibility that the defect can be cured by amendment. [Citations.]" ' [Citations.]" (*Aubry v. Tri-City Hospital Dist., supra*, 2 Cal.4th at pp. 970–971.) The plaintiff has the burden to demonstrate how he or she can amend the complaint to change the legal effect of the pleading. (*Wilner v. Sunset Life Ins. Co.* (2000) 78 Cal.App.4th 952, 959 [93 Cal.Rptr.2d 413]; see also *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349 [134 Cal.Rptr. 375, 556 P.2d 737] [plaintiff must show "in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading"].) "[L]eave to amend should *not* be granted where . . . amendment would be futile." (*Vaillette v. Fireman's Fund Ins. Co.* (1993) 18 Cal.App.4th 680, 685 [22 Cal.Rptr.2d 807, 23 Cal.Rptr.2d 807].)

### 2. *The Trial Court Properly Sustained a Demurrer Without Leave to Amend to Plaintiffs' Class Action Allegations*

#### a. *Requirements for Certification of a Class Action*

Class actions are statutorily authorized "when the question is one of common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court . . . ." (Code Civ. Proc., § 382.) "The certification question is 'essentially a procedural one that does not ask whether an action is legally or factually meritorious.' [Citation.]" (*Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096, 1104 [131 Cal.Rptr.2d 1, 63 P.3d 913] (*Lockheed Martin*).) " 'Because trial courts are ideally situated to evaluate the efficiencies and practicalities of permitting group action, they are afforded great discretion in granting or denying certification.' [Citation.]" (*Id.* at p. 1106.)

" 'The burden is on the party seeking certification to establish the existence of both an ascertainable class and a well-defined community of interest among the class members.' [Citation.]" (*Lockheed Martin, supra*, 29 Cal.4th at p. 1104 [131 Cal.Rptr.2d 1, 63 P.3d 913].) " 'The community of interest requirement . . . embodies three factors: (1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class.' [Citation.]" (*Ibid.*) " '[T]his

means "each member must not be required to individually litigate numerous and substantial questions to determine his [or her] right to recover following the class judgment; and the issues which may be jointly tried, when compared with those requiring separate adjudication, must be sufficiently numerous and substantial to make the class action advantageous to the judicial process and to the litigants." ' [Citation.]" (*Id.* at p. 1108.)

■ A class action also must be the superior means of resolving the litigation, for both the parties and the court. (*Caro v. Procter & Gamble Co.* (1993) 18 Cal.App.4th 644, 657–662 [22 Cal.Rptr.2d 419].) "Generally, a class suit is appropriate 'when numerous parties suffer injury of insufficient size to warrant individual action and when denial of class relief would result in unjust advantage to the wrongdoer.' [Citations.]" (*Linder, supra,* 23 Cal.4th at p. 435.) "[R]elevant considerations include the probability that each class member will come forward ultimately to prove his or her separate claim to a portion of the total recovery and whether the class approach would actually serve to deter and redress alleged wrongdoing." (*Ibid.*) "[B]ecause group action also has the potential to create injustice, trial courts are required to ' "carefully weigh respective benefits and burdens and to allow maintenance of the class action only where substantial benefits accrue both to litigants and the courts." ' [Citation.]" (*Ibid.*; see Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2002) ¶ 14:16, p. 14-6 [benefits of class action evaluated by (1) interest of each putative class member in controlling his or her own case personally; (2) potential difficulties in managing a class action; (3) nature and extent of already pending litigation by individual class members involving the same controversy; and (4) desirability of consolidating all action before one court].)

"[T]rial courts properly and 'routinely decide[] the issue of class certification on demurrer . . . . [Citations.]' [Citation.]" (*Silva v. Block* (1996) 49 Cal.App.4th 345, 349 [56 Cal.Rptr.2d 613].) When class certification is challenged by demurrer, "the trial court must determine whether 'there is a "reasonable possibility" plaintiffs can plead a prima facie community of interest among class members . . . .' [Citation.] ' "The ultimate question in every case of this type is whether, given an ascertainable class, the issues which may be jointly tried, when compared with those requiring separate adjudication, are so numerous or substantial that the maintenance of a class action would be advantageous to the judicial process and to the litigants." [Citations.] If the ability of each member of the class to recover clearly depends on a separate set of facts applicable only to him, then all of the policy considerations which justify class actions equally compel the dismissal of such inappropriate actions at the pleading stage.' [Citation.]" (*Id.* at p. 350; see also *Canon U.S.A., Inc. v. Superior Court* (1998) 68 Cal.App.4th 1, 5 [79 Cal.Rptr.2d 897] ["where the invalidity of the class allegations is revealed on the face of the complaint, and/or by matters subject to judicial notice, the

class issue may be properly disposed of by demurrer or motion to strike"; "[i]n such circumstances, there is no need to incur the expense of an evidentiary hearing or class-related discovery"].)

### b. *Plaintiffs Cannot Satisfy the Commonality or Superiority Requirements*

#### (1) *Basurco v. 21st Century Insurance Co.*

Division One of this court recently affirmed the denial of a class certification motion in another Northridge earthquake case. (*Basurco v. 21st Century Ins. Co.* (2003) 108 Cal.App.4th 110 [133 Cal.Rptr.2d 367] (*Basurco*).) In *Basurco* the putative class members in two consolidated actions were policyholders who had been denied benefits on the ground the one-year contractual limitations provision in their insurance policies barred their claims, one group seeking supplemental policy benefits for alleged earthquake damage to their homes and one group seeking policy benefits for additional living expenses allegedly incurred as a result of the earthquake. (*Id.* at pp. 113–114.) Division One found the denial of class certification was proper because the named plaintiffs could not satisfy either the commonality or superiority requirements.

As to commonality, Division One held that, even if the named plaintiffs could show 21st Century employed a common policy of improperly denying earthquake benefits under the one-year contractual limitations provision, each putative class member still would be required to prove that his or her individual claim had substantive merit—in other words, that 21st Century breached the insurance policy by withholding benefits that otherwise should have been paid. For example, "in determining the merit of a policyholder's claim, 21st Century may have to send a team of experts—a construction consultant, a structural engineer, and a geologist—to each policyholder's home. No two investigations will be the same. . . . [T]he existence of damage, the cause of damage, and the extent of damage would have to be determined on a case-by-case basis." (*Basurco, supra,* 108 Cal.App.4th at p. 119.) As a result, the commonality requirement was not met: " 'Class actions will not be permitted . . . where there are diverse factual issues to be resolved, even though there may be many common questions of law.' [Citation.] '[A] class action cannot be maintained where each member's right to recover depends on facts peculiar to his case . . . .' [Citation.]" (*Basurco, supra,* 108 Cal.App.4th at p. 118.)

Regarding superiority, Division One found none of the factors supported class certification: (1) each putative class member had a strong interest in controlling his or her own case given the nature of the relief sought; (2) "a

class action would be extremely difficult to manage because individual issues predominate over common questions of law and fact [given that] [t]he existence, type, and extent of damage varies from case to case"; (3) 21st Century already was a defendant in approximately 287 earthquake actions with over 1,500 plaintiffs; and (4) "the complexity of the issues in the pending cases makes it impractical and thus undesirable to consolidate all 287 actions into a single proceeding." (*Basurco, supra,* 108 Cal.App.4th at p. 121.) Division One also recognized the superior court had adopted a global order covering all earthquake insurance cases and "[t]o certify a class in this case would undermine the efforts of the superior court to manage the hundreds of other similar cases. We will not turn our backs on the prodigious and innovative efforts of the superior court to manage the complexities of the earthquake insurance litigation." (*Id.* at p. 122.)

### (2) *Basurco's Reasoning Is Applicable Here*

█ We find the analysis in *Basurco* persuasive and applicable to this case. Common questions of law and fact do not predominate, despite plaintiffs' contention their allegations require proof of only a pervasive scheme by State Farm and Farmers to limit liability on earthquake claims and widespread use of bad faith practices. Even if State Farm and Farmers adopted improper claims practices to adjust Northridge earthquake claims, each putative class member still could recover for breach of contract and bad faith *only* by proving his or her individual claim was wrongfully denied, in whole or in part, and the insurer's action in doing so was unreasonable. (See *Basurco, supra,* 108 Cal.App.4th at p. 118.) Thus, each putative class member's potential recovery would involve an individual assessment of his or her property, the damage sustained and the actual claims practices employed. (*Ibid.*) In such cases, class treatment is unwarranted. (*Silva v. Block, supra,* 49 Cal.App.4th at p. 352 [certification denied on demurrer when, even if plaintiffs could prove allegation of common improper policy, recovery of each putative class member dependent on individualized proof of constitutional injury]; see also *Hicks v. Kaufman & Broad Home Corp.* (2001) 89 Cal.App.4th 908, 923–924 [107 Cal.Rptr.2d 761] [based on need for "individualized proof" for each putative class member to "come forward and prove specific damage to her home (e.g., uneven floor, insect infestation, misaligned doors and windows), and that such damage was caused by cracks in the foundation, not some other agent," "commonality of facts is lost and the action splits into more pieces than the allegedly defective foundation"].)

Plaintiffs' causes of action for unfair competition and declaratory relief fare no better. The unfair business practices cause of action is premised on the improper denial of policy benefits; and plaintiffs ultimately seek restitution for the amount of benefits State Farm and Farmers failed to pay.

■ Thus, the individualized assessments necessary for the breach of contract and bad faith causes of action also are necessary to establish liability for unfair competition. The declaratory relief cause of action, which seeks to undo individual settlements allegedly procured by fraud or mistake, necessarily turns on each insured's state of mind and the particular settlement negotiations. (*Caro v. Proctor & Gamble Co., supra,* 18 Cal.App.4th at pp. 668–669 [no community of interest when putative class members would have to individually prove liability and damages based on nature of misrepresentation and reasonable reliance].)

Plaintiffs attempt to distinguish *Basurco* by maintaining that recovery for all the putative class members in this case can be determined by a formula and that individual investigations will not be necessary once it is shown State Farm and Farmers denied benefits based on an improper policy, for example, incorrect depreciation reductions. This argument fails to properly characterize the proof necessary for each putative class member to recover. For example, plaintiffs' class includes policyholders for whom the insurers failed to explain the depreciation reductions. Whether State Farm or Farmers explained a depreciation reduction to a particular insured can be determined only by individualized inquiry; and, even if no explanation was given, the insured can recover only if he or she did not receive policy benefits to which he was otherwise entitled. Similarly, whether an insured was denied benefits on the ground the damages were below his or her deductible also requires an individual assessment of the particular damage to the insured's home, the insured's policy and applicable deductible. Thus, as in *Basurco*, " 'each [putative class] member's right to recover depends on facts peculiar to his [or her] case . . . .' [Citation.]" (*Basurco, supra,* 108 Cal.App.4th at p. 118.)

■ We also agree with Division One's assessment in *Basurco* that a class action is not the superior means to resolve this litigation.[4] Putative class members, seeking compensation for damage caused to their homes, have a strong interest in controlling their own case; and thousands of individuals have pursued their own claims. In addition, the putative class is not manageable because it is broadly defined to include insureds who might have faced numerous types of alleged wrongdoing, including improper depreciation deductions, incorrect assessments of the earthquake damage to their home and lack of an explanation regarding the denial or reduction of their claim. Finally, as found in *Basurco*, the superior court's detailed and comprehensive procedures for handling the vast number of already pending individual

---

[4] We granted Farmers' request to take judicial notice of the superior court's May 21, 2002 global case management order for approximately 1,800 actions relating to the Northridge earthquake and the reporter's transcript from the hearing addressing the adoption of the order.

actions arising out of the Northridge earthquake demonstrate a class action is not necessary for either the litigants or the courts to effectively and efficiently resolve this litigation. (*Basurco, supra*, 108 Cal.App.4th at p. 122.)

The superiority requirement also is lacking here because allowing this case to proceed by way of a class action would contravene the Legislature's express directive that Code of Civil Procedure section 340.9 operate to revive certain earthquake claims for a period of one year only. (Code Civ. Proc., § 340.9, subd. (a) [claim for damages arising out of the Northridge earthquake that is barred "solely because the applicable statute of limitations has or had expired is hereby revived and a cause of action thereon may be commenced provided that the action is commenced within one year of [January 1, 2001]"].) Challenges to the constitutionality of Code of Civil Procedure section 340.9 were rejected in part on the ground the statute revived claims for only a limited time period. (*Hellinger v. Farmers Group, Inc.* (2001) 91 Cal.App.4th 1049, 1065 [111 Cal.Rptr.2d 268] [finding Code of Civ. Proc., § 340.9 constitutional in part based on the fact that insureds' claims would be revived for only one year and thus "the size of the subset [of potential claimants under the statute] is severely circumscribed"]; see also *20th Century Ins. Co. v. Superior Court* (2001) 90 Cal.App.4th 1247, 1272 [109 Cal.Rptr.2d 611] [relying in part on Code of Civ. Proc., § 340.9's limited operation for only one year to find statute constitutional].)

In their original complaint, filed in August 2000, plaintiffs alleged any applicable limitations periods had been tolled by State Farm's and Farmers' fraudulent concealment and denial of the improper claims handling as alleged or, alternatively, that State Farm and Farmers should be estopped from asserting a limitations defense. Subsequently, with the enactment of Code of Civil Procedure section 340.9 on January 1, 2001, plaintiffs, no longer needing to rely on fraudulent concealment or estoppel, alleged their claims were revived by the statute and thus their action was timely. Certifying this case as a class action would subvert the statute by permitting those State Farm and Farmers insureds who chose not to avail themselves of the limited revival period in Code of Civil Procedure section 340.9 to nevertheless pursue a claim against their carrier. Such a result would destroy the limited application of the statute.

Plaintiffs contend the trial court failed to consider the nuances of this particular case and instead based its ruling on the fact that it had denied class certification motions in six other actions relating to the Northridge earthquake, including *Basurco*. But the order sustaining the demurrer plainly shows the trial court evaluated the particular allegations and causes of action in this case and found that, for plaintiffs to prevail on their claims, individualized determinations would be required for each putative class member. The

trial court's experience with Northridge earthquake cases demonstrates the court was " 'ideally situated to evaluate the efficiencies and practicalities of group action' " and exercise its discretion to determine certification was not appropriate.[5] (*Lockheed Martin, supra,* 29 Cal.4th at p. 1106.)

It is true, as plaintiffs observe, that the certification issue in *Basurco* was decided following a motion for class certification, rather than a demurrer. But plaintiffs do not identify any discovery that might lead to evidence to be presented at the hearing on a certification motion at a later stage in the proceedings that would demonstrate they could satisfy the commonality and superiority requirements. In fact, discovery would not change the nature of plaintiffs' claims, the individualized proof that will be required for them to succeed in their case or the determination that a class action is not the superior means of resolving this litigation. Contrary to plaintiffs' contention, certification issues routinely are decided on demurrer. (*Silva v. Block, supra,* 49 Cal.App.4th at p. 349.)

In sum, because there is no reasonable possibility plaintiffs can satisfy the requirements for class certification, the trial court properly sustained a demurrer to their class action allegations.

### c. *Plaintiffs Are Not Entitled to Leave to Amend*

Although plaintiffs contend the trial court abused its discretion by failing to permit leave to amend their complaint, they suggest no additional facts they could allege to satisfy the commonality and superiority requirements for class action certification or otherwise to change the legal effect of their pleading. (*Wilner v. Sunset Life Ins. Co., supra,* 78 Cal.App.4th at p. 959 [93 Cal.Reptr.2d 413] [plaintiff must demonstrate how a proposed amendment will change the legal effect of the pleading].) Consequently, no basis exists for granting plaintiffs leave to amend.

---

[5] Plaintiffs' argument the trial court improperly denied certification at the demurrer stage because they had complied with the court's direction to them to divide their complaint into subclasses against each insurer defendant and the court had indicated that, if subclasses were alleged, it was reasonably probable the subclasses could be certified is unpersuasive. In directing plaintiffs to allege subclasses, the trial court explicitly stated it was not giving any indication as to how it might rule on a subsequent demurrer to the class action allegations. "In addition, while the trial court has an obligation to consider the use of subclasses and other innovative procedural tools proposed by a party to certify a manageable class, the trial court is also required to consider whether the combination of claims in a single action will substantially benefit both the parties and the court. [Citations.]" (*Canon U.S.A., Inc. v. Superior Court, supra,* 68 Cal.App.4th at p. 5.) Here, even with the use of subclasses, the trial court concluded, and we agree, the superiority requirement has not been satisfied.

## DISPOSITION

The order is affirmed. Respondents State Farm and Farmers are to recover their costs on appeal.

Johnson, J., and Woods, J., concurred.

A petition for a rehearing was denied June 15, 2004, and appellants' petition for review by the Supreme Court was denied August 11, 2004.