[No. B171352. Second Dist., Div. Seven. Dec. 30, 2005.]

HOMIE DAVALOO, Plaintiff and Appellant, v.
STATE FARM INSURANCE CO., Defendant and Respondent.

[No. B171353. Second Dist., Div. Seven. Dec. 30, 2005.]

MAURICE ABDEL-MESSIH et al., Plaintiffs and Appellants, v.
STATE FARM INSURANCE CO., Defendant and Respondent.

**410**

**COUNSEL**

Law Offices of Ramin R. Younessi, Ramin R. Younessi; Law Offices of Majid Seyfi and Majid Seyfi for Plaintiffs and Appellants.

Robie & Matthai, James R. Robie, Craig W. Brunet, Steven S. Fleischman; Crandall, Wade & Lowe, James Crandall; LHB Pacific Law Partners and Clarke B. Holland for Defendant and Respondent.

## OPINION

**PERLUSS, P. J.**—Code of Civil Procedure section 340.9[1] revives certain time-barred claims for policy benefits against insurers for losses caused by the January 17, 1994 Northridge earthquake and provides a cause of action on such a claim may be commenced within one year of the statute's January 1, 2001 effective date. On December 31, 2001, at the end of section 340.9's revival period, the insureds in the instant coordinated cases, Homie Davaloo and Maurice and Suzie Abdel-Messih, filed complaints against State Farm Insurance Company purporting to seek relief for alleged damage to their properties caused by the Northridge earthquake. The complaints, prepared by the same counsel, are identically worded, with the exception of the captions, which contain the name of the plaintiff or plaintiffs and identify State Farm as the defendant.[2] The complaints list numerous, generic allegations against "Defendants" based on the insurance company's alleged failure to pay policy benefits for Northridge earthquake damage but contain no allegations as to a particular dispute between Davaloo or the Abdel-Messihs and State Farm.[3]

On June 2, 2003, long after the expiration of section 340.9's revival period, Davaloo and the Abdel-Messihs filed first amended complaints in response to demurrers by State Farm, attempting to correct obvious deficiencies in their original complaints. State Farm demurred to the first amended complaints. The trial court sustained the demurrers without leave to amend, finding that, because the original complaints are devoid of factual allegations, the first amended complaints do not relate back to the filing of the original complaints and thus the actions are time-barred and not revived by section 340.9. Davaloo and the Abdel-Messihs appealed. We affirm.

---

[1] Statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] The defendant named in the caption of both of the complaints is "State Farm Insurance Company." In fact, the issuer of Davaloo's and the Abdel-Messih's, respective policies of insurance was State Farm Fire and Casualty Company.

[3] At least 10 identically worded complaints prepared by the same counsel were filed against State Farm on December 31, 2001. Six other complaints are also before this court on appeal: *California Oaks Homeowners' Association v. State Farm Ins. Co.* (Dec. 30, 2005, B174447) [nonpub. opn.]; *Petrossian v. State Farm Ins. Co.* (Dec. 30, 2005, B174437) [nonpub. opn.]; *Sharifee et al. v. State Farm Ins. Co.* (Dec. 30, 2005, B174438) [nonpub. opn.]; *Mahboob et al. v. State Farm Ins. Co.* (Dec. 30, 2005, B174439) [nonpub. opn.]; *Qammouh v. State Farm Ins. Co.* (Dec. 30, 2005, B174443) [nonpub. opn.]; and *Zoormandan v. State Farm Ins. Co.* (Dec. 30, 2005, B174444) [nonpub. opn.]. Because the procedural posture of those cases is different from the status of the actions filed by Davaloo and the Abdel-Messihs, we consider them in a separate opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The Original Complaints*

On December 31, 2001, Davaloo and the Abdel-Messihs filed identically worded complaints alleging causes of action for breach of contract and bad faith against State Farm for damage to their properties caused by the Northridge earthquake.[4] Although the complaints were filed on December 31, 2001, at the end of section 340.9's revival period, they do not mention the statute, let alone allege that Davaloo's and the Abdel-Messihs' claims satisfy the requirements for revival.[5] Each complaint alleges, "Plaintiffs suffered insured losses as a result of the earthquake and its aftershocks and made timely claims to or had contact with the Defendants in regard to their damages." Aside from the caption, the complaints do not mention the parties by name, instead referring to them generically throughout as "Plaintiff" or "Plaintiffs" and "Defendants."[6] The complaints do not provide the address of Davaloo's or the Abdel-Messihs' property, stating only the property at issue is located in California. They do not set forth the policy limits, deductible or any other terms of the insurance policy sued upon, attach a copy of the policy or even give the policy number but merely allege the policy consists of "a written contract as orally amended." The complaints contain a multitude of allegations against "Defendants" regarding the failure to pay policy benefits for damages caused by the Northridge earthquake. No specifics are given with respect to a claim for policy benefits made by Davaloo or the Abdel-Messihs or any action taken by State Farm in response to such a claim.

State Farm filed demurrers to Davaloo's and the Abdel-Messihs' complaints, contending they were uncertain and failed to allege facts sufficient to state a cause of action for breach of contract or bad faith.

---

[4] Davaloo's and the Abdel-Messihs' complaints also alleged causes of action for declaratory relief, fraud, negligence and violation of Business and Professions Code section 17200. Those causes of action were voluntarily dismissed without prejudice prior to the filing of State Farm's original demurrers.

[5] Section 340.9 provides, "(a) Notwithstanding any other provision of law or contract, any insurance claim for damages arising out of the Northridge earthquake of 1994 which is barred as of the effective date of this section solely because the applicable statute of limitations has or had expired is hereby revived and a cause of action thereon may be commenced provided that the action is commenced within one year of the effective date of this section. This subdivision shall only apply to cases in which an insured contacted an insurer or an insurer's representative prior to January 1, 2000, regarding potential Northridge earthquake damage. [¶] (b) Any action pursuant to this section commenced prior to, or within one year from, the effective date of this section shall not be barred based upon this limitations period."

[6] Indeed, although Davaloo's name and the Abdel-Messihs' names are specified in the caption of his and their respective complaints, the body of each complaint alleges uncertainty as to the identity of the plaintiffs: "The exact identity of the plaintiffs may not be known due to defendants calculated decision in not providing the identities of such Plaintiffs to them or their counsel."

## 2. The First Amended Complaints

On June 2, 2003, before the hearing on State Farm's demurrers, Davaloo and the Abdel-Messihs filed first amended complaints against State Farm, again alleging causes of action for breach of contract and bad faith. (See § 472 [complaint may be amended once before hearing on demurrer without leave of court].) The body of each first amended complaint, while still similar to one another, identifies Davaloo or the Abdel-Messihs as the plaintiff or plaintiffs and State Farm as the defendant and provides the address of the property and the insurance policy number at issue, omitting the allegation the policy was amended orally. The first amended complaints again do not mention section 340.9 but allege Davaloo and the Abdel-Messihs "suffered insured losses as a result of the earthquake and its aftershocks and made timely claims to or had contact with the Defendants in regard to their damages, within one year immediately following the earthquake."

The first amended complaints contain another list of generic allegations, some repeated from the original complaints and some different, regarding State Farm's failure to pay policy benefits for damages caused by the Northridge earthquake and further provide, "While each action may not have been employed by State Farm Insurance Company in the case of this particular plaintiffs [sic], these actions as a whole constituted a pattern of practices evidencing that defendant's actions were in bad faith." As with the original complaints, the first amended complaints fail to provide any details regarding a claim for policy benefits made by Davaloo or the Abdel-Messihs or State Farm's response.

## 3. State Farm's Demurrers and the Trial Court's Ruling

State Farm filed demurrers to Davaloo's and the Abdel-Messihs' first amended complaints, contending they are time-barred because they were filed after section 340.9's revival period and do not relate back to the filing of the original complaints. According to State Farm, because the original complaints were "sham" pleadings lacking specific factual allegations, the amended pleadings are not based on the same set of operative facts as the original complaints and thus do not satisfy the requirements for application of the relation-back doctrine.

The trial court sustained the demurrers without leave to amend finding in each case, "The original complaint was a sham pleading not containing specific information. The first amended complaint does not relate back and is time-barred." The trial court dismissed the actions.[7]

---

[7] The trial court initially entered a minute order on August 27, 2003, and then a written order on September 8, 2003, memorializing its ruling sustaining State Farm's demurrers

## CONTENTIONS

Davaloo and the Abdel-Messihs contend the causes of action against State Farm for breach of contract and bad faith in the original complaints were sufficient and, therefore, the trial court erred by sustaining the demurrers to the first amended complaints without leave to amend on the ground they are time-barred.

## DISCUSSION

### 1. *Standard of Review*

On appeal from an order dismissing a complaint after the sustaining of a demurrer, we independently review the pleading to determine whether the facts alleged state a cause of action under any possible legal theory. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 [9 Cal.Rptr.2d 92, 831 P.2d 317]; *Berger v. California Ins. Guarantee Assn.* (2005) 128 Cal.App.4th 989, 998 [27 Cal.Rptr.3d 583].) We give the complaint a reasonable interpretation, "treat[ing] the demurrer as admitting all material facts properly pleaded," but do not "assume the truth of contentions, deductions or conclusions of law. [Citation.]" (*Aubry*, at p. 967.) We liberally construe the pleading with a view to substantial justice between the parties. (§ 452; *Kotlar v. Hartford Fire Ins. Co.* (2000) 83 Cal.App.4th 1116, 1120 [100 Cal.Rptr.2d 246].)

" 'Where the complaint is defective, "[i]n the furtherance of justice great liberality should be exercised in permitting a plaintiff to amend his [or her] complaint." ' " (*Aubry v. Tri-City Hospital Dist.*, *supra*, 2 Cal.4th at p. 970.) Leave to amend may be granted on appeal even in the absence of a request by the plaintiff to amend the complaint. (*Id.* at p. 971; see § 472c, subd. (a).) We determine whether the plaintiff has shown "in what manner he [or she] can amend [the] complaint and how that amendment will change the legal effect of [the] pleading." (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349 [134 Cal.Rptr. 375, 556 P.2d 737].) "[L]eave to amend should *not* be granted

without leave to amend. Although the trial court had yet to enter an order dismissing the actions, State Farm filed a notice of entry of order of dismissal on September 11, 2003, referring to the trial court's September 8, 2003 written order, which merely set forth the court's ruling on its demurrers. Davaloo and the Abdel-Messihs filed notices of appeal on October 27, 2003. Subsequently, on May 13, 2004, the trial court entered written orders of dismissal. (See § 581d ["All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments [of the court] and be effective for all purposes"].) We treat the notices of appeal filed by Davaloo and the Abdel-Messihs as premature and construe them as appeals from the May 13, 2004 orders of dismissal. (Cal. Rules of Court, rule 2(e) ["A notice of appeal filed after judgment is rendered but before it is entered is valid and is treated as filed immediately after entry of judgment"].)

where . . . amendment would be futile." (*Vaillette v. Fireman's Fund Ins. Co.* (1993) 18 Cal.App.4th 680, 685 [22 Cal.Rptr.2d 807, 23 Cal.Rptr.2d 807].)

> 2. *The Trial Court Properly Sustained State Farm's Demurrer to the First Amended Complaints on the Ground They Are Time-barred Because They Do Not Relate Back to the Filing of the Original Complaints*

> a. *Pleading requirements and the relation-back doctrine*

A complaint must contain "[a] statement of the facts constituting the cause of action, in ordinary and concise language." (§ 425.10, subd. (a)(1).) This fact-pleading requirement obligates the plaintiff to allege ultimate facts that "as a whole apprise[] the adversary of the factual basis of the claim. [Citations.]" (*Estate of Archer* (1987) 193 Cal.App.3d 238, 245 [239 Cal.Rptr. 137]; see also *Lim v. The.TV Corp. Internat.* (2002) 99 Cal.App.4th 684, 689–690 [121 Cal.Rptr.2d 333].) When a complaint complies with the fact-pleading requirement of section 425.10, subdivision (a)(1), " ' "[t]he existence of a legal right in an abstract form is never alleged by the plaintiff; but, instead thereof, the facts from which that right arises are set forth, and the right itself is inferred therefrom. The cause of action, as it appears in the complaint when properly pleaded, will therefore always be the *facts* from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the *facts* which constitute the defendant's delict or act of wrong." ' [Citation.]" (*Lodi v. Lodi* (1985) 173 Cal.App.3d 628, 631 [219 Cal.Rptr. 116].)

The requirement that the complaint allege ultimate facts forming the basis for the plaintiff's cause of action is central to the relation-back doctrine and the determination whether an amended complaint should be deemed filed as of the date of the original pleading. (See *Bartalo v. Superior Court* (1975) 51 Cal.App.3d 526, 533 [124 Cal.Rptr. 370] [explaining essential role of fact-pleading requirement in application of relation-back doctrine].) An amended complaint relates back to a timely filed original complaint, and thus avoids the bar of the statute of limitations, only if it rests on the same general set of facts and refers to the same "offending instrumentalities," accident and injuries as the original complaint. (*Barrington v. A. H. Robins Co.* (1985) 39 Cal.3d 146, 151 [216 Cal.Rptr. 405, 702 P.2d 563]; *Austin v. Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 600 [15 Cal.Rptr. 817, 364 P.2d 681] ["where an amendment is sought after the statute of limitations has run, the amended complaint will be deemed filed as of the date of the original complaint provided recovery is sought in both pleadings on the same general set of facts"].)

The relation-back doctrine, therefore, requires courts to compare the factual allegations in the original and amended complaints. For example, a third amended complaint alleging a cause of action for age discrimination under the Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.) did not relate back to the filing of the original complaint because the wrongful conduct described in the discrimination claim did not arise out of the same set of facts alleged in the original complaint to support claims of breach of contract and Labor Code violations. (*Kim v. Regents University of California* (2000) 80 Cal.App.4th 160, 168–169 [95 Cal.Rptr.2d 10].) And an amended complaint alleging the decedent was electrocuted by a lamp socket and switch manufactured by one entity did not relate back to an original complaint alleging the electrocution was caused by a defective hair dryer with a different manufacturer because, although the pleadings related to a single death at a single location, they alleged different accidents and instrumentalities. (*Coronet Manufacturing Co. v. Superior Court* (1979) 90 Cal.App.3d 342, 347 [153 Cal.Rptr. 366].) On the other hand, an amended complaint substituting a party for a fictitiously named defendant and alleging the same accident and injuries but a different cause of action and legal theory from the original complaint related back to the filing of the original complaint, and thus was not barred by the statute of limitations, because the two complaints referred to the same general set of facts. (*Smeltzley v. Nicholson Mfg. Co.* (1977) 18 Cal.3d 932, 939–940 [136 Cal.Rptr. 269, 559 P.2d 624].)

> b. *Because the original complaints do not come close to satisfying the basic fact-pleading requirement, the first amended complaints do not relate back to the filing of the original complaints*

Just as a plaintiff who changes the essential facts upon which recovery is sought is not entitled to the benefits of the relation-back doctrine, so too a plaintiff who files a complaint containing no operative facts at all cannot subsequently amend the pleading to allege facts and a theory of recovery for the first time and claim the amended complaint should be deemed filed as of the date of the original, wholly defective complaint: Going from nothing to something is as much at odds with the rationale for allowing an amended pleading to relate back to the filing of the original documents as changing from one set of facts to a different set. (See *Austin v. Massachusetts Bonding & Insurance Co.*, *supra*, 56 Cal.2d at pp. 601–602 & fn. 2 [explaining similarity between notice aspect of "modern" rule permitting relation back of an amendment if "recovery is sought on the same general set of facts as those alleged in the original complaint" and Fed. Rules of Civ. Proc., rule 15(c) [now rule 15(c)(2)], which permits relation back when the claim or defense asserted in the amended pleading " 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading' "]; *Lamont v. Wolfe* (1983) 142 Cal.App.3d 375, 379, 381 [190 Cal.Rptr. 874]

[noting examination of operative facts central to analysis of relation-back doctrine under both California law and Fed. Rules of Civ. Proc., rule 15(c), and holding doctrine properly applied when " 'a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct,' " quoting Justice Holmes in *N.Y. Cent. R. R. v. Kinney* (1922) 260 U.S. 340, 346 [67 L.Ed. 294, 43 S.Ct. 122]].)

In the instant cases the original complaints are so devoid of factual allegations they fail to meet section 425.10, subdivision (a)'s minimal fact-pleading requirement and are the functional equivalent of no complaint at all. Other than in the caption, the original complaints do not name either of the plaintiffs or the defendant; do not identify the property at issue by address or otherwise, merely averring it is within California (not even Southern California); and do not provide the number of the applicable insurance policy, let alone describe its terms. The complaints contain a number of generic allegations describing the full range of improper actions any insurer theoretically could have taken in response to a claim for policy benefits for damages caused by the Northridge earthquake but give no specifics of any kind as to a dispute between the plaintiff(s) specified in the caption and State Farm. Under the most liberal construction of the pleadings (§ 452), the body of each of the original complaints at bottom alleges nothing more than the Northridge earthquake caused harm to a resident or residents of Los Angeles County. Such an allegation falls far short of apprising State Farm of the factual basis of the claim. (*Lim v. The.TV Corp. Internat.*, *supra*, 99 Cal.App.4th at pp. 689–690; *Estate of Archer*, *supra*, 193 Cal.App.3d at p. 245.) Because of the complete lack of factual allegations in the original · complaints, it is impossible to conclude the first amended complaints are based on the same general set of facts as the original complaints.

In holding the amended complaints do not relate back, we are relying on the totality of the deficiencies in the original complaints, rather than any single defect alone, or even a combination of several such defects: It is not simply that the original complaints do not identify the parties (except in the caption), property or insurance policy or that they fail to allege any specifics of Davaloo's or the Abdel-Messihs' dispute with State Farm. Rather, the totality of these material deficiencies leaves nothing to which the first amended complaints can be compared or to which they can relate back. (*McCauley. v. Howard Jarvis Taxpayers Assn.* (1998) 68 Cal.App.4th 1255, 1262 [80 Cal.Rptr.2d 900] [relation-back doctrine cannot be used based on the assumption the defendant is a "bad egg" and "it is irrelevant that the act sued on wasn't mentioned in the earlier complaint because it is the 'sort of mischief' the defendant was inclined to get up to anyway"].) Although there can be no bright-line rule as to when a complaint is so deficient to preclude relation back (any more than there is a bright-line rule when an amended set

of facts is too dissimilar to the originally pleaded set), the original complaints here—with all their deficiencies—are plainly insufficient.[8]

Notwithstanding Davaloo's and the Abdel-Messihs' characterization of the shortcomings in their original complaints as procedural and technical, the defects are both substantive and material. The original complaints fail to provide any information to State Farm on the nature of Davaloo's or the Abdel-Messihs' claims (other than they concern the Northridge earthquake). Indeed, it is impossible even to infer the nature of any dispute between State Farm and either Davaloo or the Abel-Messihs because the generic allegations of wrongdoing are contradictory. For example, the allegation that State Farm denied the existence of an insurance policy is inconsistent with numerous other allegations, including that it improperly held back money it had agreed was owed on the policy and illegally altered investigative reports to pay less damages. If State Farm had denied the existence of an insurance policy, it would not have conducted an investigation and falsified the reports or determined it owed benefits to its insured and then refused to pay them. The pleading inconsistencies in the original complaints highlight the absence of sufficient factual allegations to apprise State Farm of the nature of the disputes at issue. (See *Manti v. Gunari* (1970) 5 Cal.App.3d 442, 449 [85 Cal.Rptr. 366] [although pleading inconsistent theories of recovery is permissible, "a pleader cannot blow hot and cold as to the *facts* positively stated"].)

Davaloo's and the Abdel-Messihs' reliance on the inclusion of the names of the parties in the caption to suggest the complaints adequately informed State Farm of the necessary elements of their dispute is unpersuasive. As an initial matter, the allegations in the body of the complaint, not the caption, constitute the cause of action against the defendant. (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 829 [26 Cal.Rptr.3d 104] [boilerplate allegation in complaint that each defendant was the agent and employee of the others and charging allegations referring to " 'defendants and each of them' " did not result in complaint stating a cause of action against individual not mentioned in body of complaint; adding that individual's name to the complaint's caption did not help state a cause of action because " 'the caption of the complaint constitutes no part of the statement of the cause of action' "].) Moreover, although it is true the degree of specificity required in a pleading can depend on the extent to which the defendant needs information (*Semole v. Sansoucie* (1972) 28 Cal.App.3d 714, 719 [104 Cal.Rptr. 897]), no

---

[8] The first amended complaints add the names of the parties, the address of the property at issue and the number of the insured's policy to the body of the complaint but still contain a list of generic allegations against State Farm regarding its actions in response to claims of earthquake damage. Although there is no doubt the first amended complaints are less deficient than the original complaints, we do not decide whether such allegations, if contained in the original complaints, would be sufficient to apply the relation-back analysis to a subsequent, amended complaint because the issue is not before us.

authority suggests merely identifying the names of the parties in the caption suffices as adequate information to apprise any defendant of the nature of the dispute against it.

Indeed, the authority cited by Davaloo and the Abdel-Messihs underscores the inadequacy of their pleadings. According to Davaloo and the Abdel-Messihs, a complaint adequately alleges a cause of action if it " 'set[s] forth the essential facts of the case with reasonable precision and with sufficient particularity to acquaint the defendant with the nature, source and extent of [the plaintiff's] cause of action.' [Citation.]" (*Rannard v. Lockheed Aircraft Corp.* (1945) 26 Cal.2d 149, 156–157 [157 P.2d 1].) The original complaints do not set forth any essential facts regarding the particular dispute between Davaloo or the Abdel-Messihs and State Farm, let alone provide sufficient facts to state a cause of action. For example, from the original complaints State Farm cannot ascertain whether it denied policy benefits entirely for earthquake damages to Davaloo and the Abdel-Messihs based on its conclusion the damages were less than the specific policy deductible or by finding the damages reported were not earthquake related at all, or whether it actually paid policy benefits for earthquake damages but simply in an amount less than Davaloo and the Abdel-Messihs now contend they were entitled to as determined by a further evaluation of the damage to their properties. Thus, nothing in the original complaints " 'acquaint[s]' " State Farm with the " 'nature, source, and extent' " of Davaloo's and the Abdel-Messih's, claims against it.[9] (*Rannard,* at p. 156.)

Nor does the fact that Davaloo and the Abdel-Messihs filed their original, defective complaints within section 340.9's revival period support a more expansive interpretation of pleading requirements and the relation-back doctrine. Although section 340.9 revives specified earthquake claims by preventing insurers from relying on a limitations defense, it does not preclude insurers from using other available defenses. (*Bialo v. Western Mutual Ins. Co.* (2002) 95 Cal.App.4th 68, 82 [115 Cal. Rptr. 2d 3] [under § 340.9 "insurers retain all other available defenses, losing only the absolute limitations bar"]; *Hellinger v. Farmers Group, Inc.* (2001) 91 Cal.App.4th 1049, 1065, 1066 [111 Cal.Rptr.2d 268] [§ 340.9 "revives the time period in which claims may be brought for one year, and . . . does not affect any other defense which the insurers may have"; "[i]nsurers will still have available all

---

[9] Because the original complaints are so deficient that the relation-back doctrine cannot be applied to find the first amended complaints timely, we need not determine whether the trial court was correct to conclude in the technical sense that the original complaints were "sham" pleadings. (See *Lyons v. Wickhorst* (1986) 42 Cal.3d 911, 915 [231 Cal.Rptr. 738, 727 P.2d 1019] [trial court has limited, inherent powers to dismiss claims with prejudice such as when the "complaint has been shown to be 'fictitious or sham' such that the plaintiff has no valid cause of action"]; *Janis v. California State Lottery Com.* (1998) 68 Cal.App.4th 824, 829 [80 Cal.Rptr.2d 549] [trial court has authority to strike "sham" pleadings].)

applicable defenses to such revived claims other than the limitations defense"].) Section 340.9 provided policyholders an absolute one-year period in which to properly initiate a lawsuit asserting earthquake claims, not an open-ended period subject only to the filing of a notice of intent to sue and the willingness of an insured and his or her counsel to ascertain and articulate in a pleading the specifics of the dispute with the insurer before initiating a lawsuit.

In fact, enforcing the limits of section 340.9's one-year revival period is especially important because the statute's constitutionality was upheld in part on the ground its filing window was open for the specified one-year period only. (*Hellinger v. Farmers Group, Inc., supra*, 91 Cal.App.4th at p. 1065 [finding § 340.9 constitutional in part based on the fact that insureds' claims would be revived for only one year and thus "the size of the subset [of potential claimants under the statute] is severely circumscribed"]; *20th Century Ins. Co. v. Superior Court* (2001) 90 Cal.App.4th 1247, 1272 [109 Cal.Rptr.2d 611] [relying in part on § 340.9's limited operation for only one year to find statute constitutional]; see *Newell v. State Farm General Ins. Co.* (2004) 118 Cal.App.4th 1094, 1105 [13 Cal.Rptr.3d 343].) To allow an insured to file a complaint at the very end of section 340.9's revival period lacking any factual allegations specific to the dispute with his or her insurer and then use the relation-back doctrine to make amendments to the wholly deficient complaint "would contravene the Legislature's express directive that . . . section 340.9 operate to revive certain earthquake claims for a period of one year only."[10] (*Newell*, at p. 1105.)

█ In sum, because the relation-back doctrine cannot be used to find the first amended complaints timely filed as of the date of filing of the original complaints, the first amended complaints, filed long after the end of section 340.9's revival period, are time-barred. (*Kim v. Regents University of California, supra*, 80 Cal.App.4th at pp. 168–169; *Coronet Manufacturing Co. v. Superior Court, supra*, 90 Cal.App.3d at p. 347.)

---

[10] The Davaloos and Abdel-Messihs argue the trial court abused its discretion by failing to grant them leave to amend their original complaints. Their argument misses the point. They did amend their original complaints. As explained, the first amended complaints are time-barred because they were filed after section 340.9's revival period and do not relate back to the filing of the original complaints. Because the defects in the original complaints are so substantial, there is simply no set of facts to which an amended complaint can relate back. Accordingly, any amendment to the original complaints, including, as the trial court found, the first amended complaints, would be time-barred. Granting leave to amend in any respect, therefore, would be futile and is unwarranted. (*Goodman v. Kennedy, supra*, 18 Cal.3d at p. 349; *Vaillette v. Fireman's Fund Ins. Co., supra*, 18 Cal.App.4th at p. 685.)

## DISPOSITION

The orders of dismissal are affirmed. State Farm is to recover its costs on appeal.

Woods, J., and Zelon, J., concurred.