In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 06-3054

GUILLERMO GARCIA SANTAMARINA, *et al.*,
   on behalf of themselves and all others
   similarly situated,

*Plaintiffs-Appellees*,

*v.*

SEARS, ROEBUCK & CO.,

*Defendant-Appellant*.

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
MDL No. 1703 (JPG), Case No. 05 C 4743—**John F. Grady**, *Judge*.

———————

ARGUED SEPTEMBER 7, 2006—DECIDED OCTOBER 19, 2006

———————

Before POSNER, EASTERBROOK, and RIPPLE, *Circuit Judges*.

POSNER, *Circuit Judge*.  This class action, originally filed in a California state court, charged Sears Roebuck with having violated California law by fraudulently representing that certain of its "Craftsman" brand of tools are manufactured in the United States that in fact are manufactured abroad. The suit was filed in January 2005, the month prior to the passage (and effective date) of the Class Action Fairness Act of 2005, which so far as bears on this case places within federal diversity jurisdiction a class

action suit in which the amount in controversy exceeds $5 million and at least one member of the plaintiff class is a citizen of a different state from the defendant or defendants. 28 U.S.C. § 1332(d)(2)(A). This suit fulfills these requirements, and so had it been filed on or after the effective date of the Class Action Fairness Act it could have been removed to federal district court.

Sears filed a demurrer (that is, a motion to dismiss the suit for failure to state a claim), and the plaintiffs responded by filing an amended complaint. By then the Act had gone into effect, and Sears removed the case to the federal district court in California on the ground that the amended complaint was really the opening gun of a new suit. The district judge denied the plaintiffs' motion to remand the case to the state court. They could have appealed to the Ninth Circuit from the denial, 28 U.S.C. § 1453(c)(1), but did not. Later the multidistrict litigation panel transferred the case to the federal district court in Chicago. By now it was November 2005, and the plaintiffs filed a motion in that court to reconsider the ruling by the district judge in California. The court granted the motion, ruled the suit had been improperly removed, and ordered it remanded to the California state court.

Sears appeals, arguing that the district judge in Chicago should not have reconsidered the earlier ruling because the motion to reconsider did not meet the standard of Rule 60(b) of the Federal Rules of Civil Procedure. But that rule, by its terms limited to "final" judgments or orders, is inapplicable to interlocutory orders. *Kapco Mfg. Co. v. C & O Enterprises, Inc.*, 773 F.2d 151 (7th Cir. 1985); *Penn West Associates, Inc. v. Cohen*, 371 F.3d 118, 124-25 (3d Cir. 2004); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000). The authority of a district judge

to reconsider a previous ruling in the same litigation, whether a ruling made by him or by a district judge previously presiding in the case, including (because the case has been transferred) a judge of a different court, is governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous. *Agostini v. Felton*, 521 U.S. 203, 236 (1997); *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816-17 (1988); *Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005); *Williams v. Commissioner*, 1 F.3d 502, 503 (7th Cir. 1993); *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001). Not to reconsider in such circumstances would condemn the parties to the unedifying prospect of continued litigation when they knew that a possibly critical ruling was in error and, unless it became moot in the course of the proceedings, would compel a reversal of the final judgment at the end of the case.

Because the initial denial of the motion to remand was appealable, and because (with an immaterial exception) a motion to remand must be filed within 30 days of removal, 28 U.S.C. § 1447(c), it is arguable (though we cannot find any case that discusses the point) that motions to reconsider orders denying remands under the Class Action Fairness Act are disfavored. It is almost 15 months since the case was removed to the federal district court and 13 months since it was transferred to Chicago, so if we affirm the order to remand there will have been considerable waste motion. But the case was removed, and remand denied (without any statement of reasons), only a few months after the promulgation of the Class Action Fairness Act, when there was no significant case law interpreting the Act. So some latitude in considering what might in other circumstances indeed be a belated motion to reconsider should be

permitted. Moreover, a ruling that the district court in Chicago should not have reconsidered the earlier ruling would be pointless, since the law of the case doctrine does not bar review of a lower court by a higher one. *Christianson v. Colt Industries Operating Corp., supra*, 486 U.S. at 817; *Champaign-Urbana News Agency, Inc. v. J.L. Cummins News Co.*, 632 F.2d 680, 683 (7th Cir. 1981). Sears does not argue that the plaintiffs' failure to appeal the original ruling to the Ninth Circuit bars appellate review by this court of the propriety of the ruling.

So we can proceed to the merits of the appeal; but for future reference we note our rejection of the plaintiffs' argument that an erroneous refusal to remand a case under the Class Action Fairness Act is a jurisdictional error, which must therefore remain corrigible until the litigation becomes final by issuance of a final judgment and exhaustion of appellate remedies. Suppose that the district court in California was mistaken in thinking that the amended complaint touched off a new suit; it would not be so grave a mistake—so usurpative an assumption of federal jurisdiction withheld by Congress—that we would have an independent duty to correct it even if no party complained.

The merits need not detain us for long. The original complaint was brief and summary. It would have sufficed in a federal suit, because the federal civil rules require only notice pleading. But California requires fact pleading, Cal. Code Civ. Pro. § 425.10(a)(1); *Davaloo v. State Farm Ins. Co.*, 37 Cal. Rptr. 3d 528, 534 (App. 2005); *Lim v. The.TV Corp. Int'l*, 121 Cal. Rptr. 2d 333, 336 (App. 2002), and the absence of facts in the original complaint created a basis for Sears's demurrer. The amended complaint, filed in response to the demurrer, added two plaintiffs as additional named representatives and considerable detail concerning

the nature of the alleged fraud. And while the original complaint referred merely to "several" Craftsman tools as having been falsely represented to be of domestic origin, without specifying which ones, the amended complaint refers to the entire Craftsman line, which consists of 5,000 different tools.

An amended complaint kicks off a new action only if, under the procedural law of the state in which the suit was filed, it does not "relate back" to the original complaint. *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006); *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 750-51 (7th Cir. 2005); *Knudsen v. Liberty Mutual Ins. Co.*, 411 F.3d 805, 806-07 (7th Cir. 2005); *Prime Care of Northeast Kansas, LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1289 (10th Cir. 2006); *Braud v. Transport Service Co.*, 445 F.3d 801, 808 (5th Cir. 2006); *Plubell v. Merck & Co.*, 434 F.3d 1070, 1071-72 (8th Cir. 2006). (The usual case in which this rule matters is where the statute of limitations has expired between the filing of the original complaint and the filing of the amended one.) The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one. *Tiller v. Atlantic Coast Line R.R.*, 323 U.S. 574, 581 (1945); *Woods v. Indiana University-Purdue University at Indianapolis*, 996 F.2d 880, 884 (7th Cir. 1993); *Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 250 (6th Cir. 2000). This is how the relation-back provision of Fed. R. Civ. P. 15(c) is understood, *Woods v. Indiana University-Purdue University at Indianapolis, supra*, 966 F.2d at 886; *Braud v. Transport Service Co, supra*, 445 F.3d at 808; 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1497 (2d ed. 1990 & 2006 pocket

part), but Sears acknowledges that California doctrine regarding relation back is materially identical. See *Austin v. Massachusetts Bonding & Ins. Co.*, 364 P.2d 681, 683 (Cal. 1961); *Davaloo v. State Farm Ins. Co.*, *supra*, 37 Cal. Rptr. 3d at 416-17.

So if for example the original complaint charged that the plaintiff's decedent had been electrocuted by a defective lamp and light switch, and the amended complaint that he had been electrocuted by a defective hair dryer manufactured by a different company, there would be no relation back, even though there was the same death at the same location. *Coronet Mfg. Co. v. Superior Court*, 153 Cal. Rptr. 366, 369 (App. 1979); see also *Espinosa v. Superior Court*, 248 Cal. Rptr. 375, 379 (App. 1988). And likewise if, as in *Wiener v. Superior Court*, 130 Cal. Rptr. 61, 62-63 (App. 1976), the amended complaint alleged a second allegedly libelous statement in a new publication in addition to the statement alleged in the original complaint. But there would be relation back if the "two complaints referred to the same general set of facts" though the amended one alleged "a different cause of action and legal theory from the original complaint." *Davaloo v. State Farm Ins. Co.*, *supra*, 37 Cal. Rptr. 3d at 535, citing *Smeltzley v. Nicholson Mfg. Co.*, 559 P.2d 624, 629 (Cal. 1977), where both complaints referred to the plaintiff's losing his leg in a machine even though the amended one substituted the name of the manufacturer of the machine for an unknown defendant. See also *Grudt v. City of Los Angeles*, 468 P.2d 825, 829 (Cal. 1970); *Austin v. Massachusetts Bonding & Ins. Co.*, *supra*, 364 P.2d at 683-84. In this case, the defendant is the same in both complaints, the plaintiffs are the same except for the addition of two named plaintiffs drawn however from the same class, the claim is essentially the same (misrepresentation of the country of

origin of consumer goods sold by the defendant), and the same general set of facts is alleged. The most significant-seeming difference is that the amended complaint refers to the entire line of Craftsman tools rather than merely to "certain" or "several" of them. Since it is not suggested that all Craftsman tools are made abroad, this seems to be an allegation that some people would not have bought a Craftsman tool made in the United States had they known that some *other* Craftsman tool had been made elsewhere. But the same theory was alleged in the original complaint, for while only certain Craftsman tools were alleged to be misrepresented, the suit was on behalf of all purchasers of Craftsman tools, not just the purchasers of the mislabeled ones.

The only situation remotely like the present case as imagined by Sears is where the original complaint is so cursory that someone reading the amended complaint would not know whether it referred to the same conduct charged in the original complaint. *Davaloo v. State Farm Ins. Co.*, *supra*, 37 Cal. Rptr. 3d at 535. That is not a problem here. When it read the original complaint, Sears knew that the plaintiffs were complaining about misrepresentation of the country of origin of Craftsman tools and since it was a class action suit must have realized that any Craftsman tool made abroad (but represented as made in the United States) was fair game. The two named plaintiffs in the original complaint could not have bought the entire line of 5,000 Craftsman tools, but the entire line might have been bought by the class as a whole (a class of "thousands of persons") and in that event would be within the scope of the complaint.

So there was relation back; the case should not have been removed from the California state court; the order of remand is therefore

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*