Filed 12/27/23  Bolton v. Guerrero CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| A. BOLTON,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>JUAN CARLOS GUERRERO,<br><br>        Defendant and Respondent. | A167099<br><br>(Alameda County<br>Super. Ct. No. 21CV001408) |

A. Bolton filed a lawsuit against Juan Carlos Guerrero and other defendants alleging numerous causes of action, including for fraud, intentional interference with business or contractual relations, physical abuse, and stalking.  The trial court sustained Guerrero's demurrer to the complaint without leave to amend and entered judgment in favor of Guerrero.

Representing himself, Bolton appeals.  He argues the trial court abused its discretion in sustaining the demurrer without leave to amend.  We disagree and affirm.[1]

_____

[1] We have exercised our discretion to consider Bolton's belatedly-filed reply brief.  We recite only those facts necessary to resolve the issues before us, omitting references to defendants who are not parties to this appeal. Like the trial court and Guerrero, we refer to Bolton using masculine pronouns.

1

## BACKGROUND

Bolton filed a complaint alleging 16 causes of action against Guerrero. Nearly all of his claims consisted solely of generic language taken from the Judicial Council of California Civil Jury Instructions (CACI). The complaint generally alleged Guerrero defrauded, harassed, assaulted and stalked Bolton; interfered with a contract Bolton had with public entities and a public official; and denied Bolton full and equal access to municipal services and facilities, among other things.

Guerrero demurred, arguing Bolton lacked capacity to sue because "A. Bolton" was not plaintiff's true name and the complaint failed to allege facts sufficient to state a cause of action. Guerrero also sought and obtained judicial notice of other actions filed by "A. Bolton" and a federal court dismissal of one such action due to Bolton's failure to provide a true name or file an appropriate request for confidentiality. Bolton did not oppose the demurrer.

The trial court issued a tentative ruling concluding the complaint was uncertain as "the facts alleged . . . are difficult to follow, uncertain, conclusory, and do not adequately describe the alleged incident that forms the basis of the claims." It granted Bolton leave to amend the complaint and indicated Bolton should provide his full first name, an assumed name by which he is recognized, or allegations that would support using a fictitious name. Guerrero contested the tentative ruling. After a hearing on the demurrer—at which Bolton did not appear—the court modified its tentative ruling and sustained the demurrer *without* leave to amend. Bolton then moved for reconsideration which the court denied. Subsequently, the court entered judgment for Guerrero.

Bolton appealed the judgment.

2

## DISCUSSION

Bolton argues it was an abuse of discretion for the trial court to sustain Guerrero's demurrer without leave to amend.

In reviewing a judgment of dismissal after a trial court has sustained a demurrer without leave to amend, we apply two separate standards of review. (*Aguilera v. Heiman* (2009) 174 Cal.App.4th 590, 595.) "[O]ur first step is to review the complaint de novo, assuming the truth of properly pleaded or implied factual allegations, to determine whether the complaint states facts sufficient to state a cause of action." (*Eghtesad v. State Farm General Insurance Company* (2020) 51 Cal.App.5th 406, 410-411.) "Second, we determine whether the trial court abused its discretion by sustaining the demurrer without leave to amend." (*Aguilera,* at p. 595.) An abuse of discretion is established if we find "there is a reasonable possibility the plaintiff could cure the defect with an amendment." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) Under these standards, the appellant "bears the burden of demonstrating that the trial court erred." (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879.) We hold self-represented litigants to the same standard as other litigants and attorneys. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)

Applying these principles, we conclude the complaint fails to state facts sufficient to constitute a cause of action against Guerrero. To adequately plead a claim, a plaintiff must allege ultimate facts that apprise a defendant of the claim's factual basis. (*Davaloo v. State Farm Ins. Co.* (2005) 135 Cal.App.4th 409, 415.) Here, this standard has not been met. As described above, each cause of action in the complaint consists almost entirely of verbatim language from the CACI jury instruction for that claim. Although the complaint adds some additional verbiage beyond the form language,

3

including vague representations Bolton was subject to violence, harassment, retaliation, stalking, and abuse, no further details are provided and, in fact, it is not even clear when and where the incidents occurred. These vague averments fall far short of apprising defendants of the factual basis for Bolton's claims. (See *Id.* at p. 415.)

Nor did the trial court abuse its discretion in sustaining the demurrer without leave to amend. Though "[i]t is often said that leave to amend a complaint should be liberally granted, particularly with respect to a party's initial complaint" (*City of Torrance v. Southern California Edison Co.* (2021) 61 Cal.App.5th 1071, 1091), "[t]he onus is on the *plaintiff* to articulate the 'specifi[c] ways' to cure the identified defect" (*Shaeffer v. Califia Farms, LLC* (2020) 44 Cal.App.5th 1125, 1145). "[A]bsent such an articulation, a trial or appellate court may grant leave to amend 'only if a potentially effective amendment [is] both apparent and consistent with the plaintiff's theory of the case.'" (*Id.* at p. 1145.)

Here, it is not apparent Bolton can effectively amend the complaint. In the trial court, Bolton did not oppose the demurrer, contest the tentative ruling, appear at the demurrer hearing, or otherwise indicate how he could amend his pleading. On appeal, Bolton asserts it was an abuse of discretion for the court to deny leave to amend, but he does not specifically discuss any claim in his complaint or explain what facts he can allege to state a cause of action. In this circumstance, we conclude Bolton has abandoned his claims and forfeited any argument that the court erred in sustaining the demurrer without leave to amend. (*Alborzi v. University of Southern California* (2020) 55 Cal.App.5th 155, 184 [where "a demurrer is sustained without leave to amend, the appellant's failure to address certain causes of action in the complaint is deemed an abandonment of those causes of action"]; *Moore v.*

4

*Centrelake Medical Group, Inc.* (2022) 83 Cal.App.5th 515, 538 [plaintiffs forfeited any argument of error by failing to explain how a proposed amendment would cure the pleading defect].)

Bolton's arguments to the contrary are unavailing. In his opening brief, he asserts his pleading "met standards," trial "court records" show "an abuse of discretion," and that "any defect(s)" in the complaint were "curable." He does not further elaborate. This is insufficient. (*Golden Day Schools, Inc. v. Department of Education* (1999) 69 Cal.App.4th 681, 695, fn. 9 [an "issue merely raised by a party without any argument or authority is deemed to be without foundation and requires no discussion"].) In his reply brief, Bolton suggests—for the first time—that the court improperly granted Guerrero's request for judicial notice in support of his demurrer and failed to exercise its "discretion" relative to his motion for reconsideration. We decline to consider these new issues raised in the reply. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.)

In sum, the complaint fails to state facts sufficient to constitute a cause of action and Bolton does not demonstrate a reasonable possibility the defects in his pleading can be cured by amendment. Having reached this conclusion, we need not reach Guerrero's other contentions that the demurrer was properly sustained because Bolton did not use his true name or an assumed name by which he is known and recognized, that Bolton waived any error by failing to oppose the demurrer, and that he lacks standing to appeal.

## DISPOSITION

The judgment is affirmed. In the interests of justice, the parties will bear their own costs. (Cal. Rules of Court, rule 8.278(a)(5).)

5

_____

Miller, J.

WE CONCUR:


_____

Stewart, P.J.


_____

Richman, J.


A167099, *Bolton v. Guerrero*

6