Filed 3/26/25  Li v. City of Hayward CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| HONG LI,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CITY OF HAYWARD,<br><br>        Defendant and Respondent. | A168862<br><br>(Alameda County<br>Super. Ct. No. 22CV017530) |

Hong Li appeals from the judgment of dismissal of her action after the trial court sustained the City of Hayward's demurrer to her first amended complaint without leave to amend.  We reverse.

**BACKGROUND**

In September 2022, Li filed a complaint for money damages alleging the City "wrongfully charged" her $4,970.22 for a "no show" inspection fee and a "lien/special assessment" on her property.  Li alleged that a City inspector knew no one lived in the property after a fire damaged the property; that the inspector had her phone number and email address but never contacted her via call or email "for the inspection on February 08, 2022"; and that the inspector sent a notice to the fire-damaged property, which Li never received.  Li alleged that Hayward City Hall was "closed to public and shut down for years" until May 2022, so she was "not surprised" that she did not hear from the inspector during January and February 2022.  Her complaint

1

concluded "since I never received any kinds of inspection notices, I should not have been charged" $4,970.22.

On February 14, 2023, the City filed a demurrer to the complaint.[1] The City argued that Li failed to state any facts sufficient to constitute a cause of action (Code Civ. Proc., § 430.10, subd. (e)) on multiple grounds: she failed to exhaust her administrative remedies, waived any opportunity to challenge the alleged fines and penalties by failing to appear at an administrative hearing regarding the fees, the claims were barred by res judicata, and she failed to plead any statutory basis for the lawsuit. The City also contended that the complaint was uncertain (*Id.*, subd. (f).), and that to the extent Li's allegations appeared to be based on actions taken by code enforcement officers, it was immune because the actions were discretionary decisions made by City employees.

Li did not file a written opposition to the demurrer nor did she contest the tentative ruling.

On March 16, 2023, the trial court sustained the demurrer with leave to amend because the complaint failed to adequately identify what cause(s) of action were being brought against the City, and failed to state sufficient facts to constitute a cause of action. The order explained that Li "will need to clearly identify the causes of action in any amended complaint and the alleged facts that support those causes of action," and she will "also need to allege facts that establish liability outside of governmental immunity based on discretional decisions," citing Government Code sections 820.4, 815.2, and

---

[1] In connection with its demurrer, the City filed a request for judicial notice that included many documents providing additional background on this matter. The trial court did not rule on the request for judicial notice and did not rely on it in ruling on the demurrer. Nor do we in this appeal.

2

821.6, and *Ogborn v. City of Lancaster* (2002) 101 Cal.App.4th 448, 461. The court gave Li 30 days from the date of the order to file and serve an amended complaint. Li filed a written request for an extension of time to May 14, which the trial court granted. The request was made by Li, in her words, "[d]ue to plaintiff's lack of knowledge of laws and language barrier, plaintiff has a difficult time to write an amended complaint, which was ordered by Judge . . . on [date] . . . ."[2]

On May 16, Li filed a first amended complaint with 11 enumerated causes of action. The essential factual allegation that can be gleaned from the amended pleading is that Li did not receive notice from the City of a code enforcement inspection on February 8, 2022, and that because of the lack of notice she was assessed improper fees, fines and penalties, and suffered $200,000 in " damages and injury; emotional distress." The 11 causes of action were identified as: "violation of Gov. Code 843.17 – failure to give notice and lack of information";[3] "a taking" in violation of Article I, section 19 of the California Constitution; "deprivation of property" in violation of Article I, section 7 of the California Constitution; conversion; unjust enrichment; negligence; accounting; "Gov Code Section 818.4, 821.2"[4]; "due process

---

[2] At the initial case management conference, Li requested the assistance of a Mandarin interpreter at the next case management conference. The minutes from the next case management conference on May 23, 2023, show that Li appeared and was assisted by a Mandarin interpreter.

[3] There is no such section in the Government Code. Li may have been referencing 30 Code of Federal Regulations section 843.17, entitled "Failure to give notice and lack of information," which has no relevance here.

[4] The entire text of this cause of action is "Building official has no mandatory duty to issue any particular fees, fines, and penalties at all, so that building official retained no further discretion to withhold the money from the homeowner."

rights"; retaliation – "violations of California Civil Code Section 1942.5"[5]; and intimidation. (Capitalization omitted.)

In her Ninth Cause of Action for due process, the substance of Li's allegation was that the City "did not send the plaintiff a notice of intent to do an inspection, and the notice did not reach the plaintiff. Plaintiff's 'NO SHOW' caused damages of $5,054.72; Under these circumstances, the city violated the plaintiff's Due Process Rights by failing to provide adequate notice prior to the inspection. Plaintiff received no notice from the city had commenced any proceeding to the property."

In her Tenth Cause of Action for "Retaliation," Li alleged that "Plaintiff's property and neighbor's property got big fire on 08-05-2021," and the "subject property got fired damages." She "made requests for administrative hearing and asked for the refund of the fees and penalties; Plaintiff never refused any administrative hearing; The hearing letter was mail out to a Postal Annex Mail Box, the worker might misplaced the letter to other customer's P.O. Box; This matter always happened in the past since the worker is almost eighty years old guy. In particular, Plaintiff consistently exercised her right to request another administrative hearing, but the administrative hearing request was denied."

On July 21, the City demurred to the first amended complaint on multiple grounds: Li's claims were outside the scope of a permissible amended complaint, barred by res judicata, failed to state sufficient facts to constitute a cause of action, and the City was immune because the actions taken by code enforcement officers were discretionary decisions made by City

---

[5] Civil Code section 1942.5 addresses retaliatory eviction and a lessor's unlawful retaliation against a lessee. Li does not allege anything in the First Amended Complaint about a lessor or lessee.

employees.  Once again, Li did not file any written opposition to the demurrer.

The trial court issued a tentative ruling sustaining the demurrer with leave to amend.  The tentative ruling was contested (the record does not make clear by whom); Li did not appear at the hearing, but the City did.  The trial court heard argument from the City and then the court affirmed the tentative ruling but modified it to deny leave to amend.  After recounting the procedural history of the case, the trial court wrote:  "The First Amended Complaint filed on May 16, 2023, alleges eleven (11) causes of action.  Plaintiff generally alleges that Hayward failed to give Plaintiff proper notice regarding inspections at the residential property located . . . in Hayward, California, and improperly imposed monetary penalties.  However, the First Amended Complaint still fails to allege facts to establish liability outside of governmental immunity based on discretional decisions."  Li now appeals from the judgment of dismissal after the demurrer was sustained.

## DISCUSSION

In reviewing a trial court's order sustaining a demurrer, "we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory." (*McCall v. PacifiCare of California, Inc.* (2001) 25 Cal.4th 412, 415.)  "We construe the complaint in a reasonable manner and assume the truth of properly pleaded factual allegations that are not inconsistent with other allegations, exhibits, or judicially noticed facts. [Citation.]  We need not accept as true, however, contentions, deductions, or conclusions of fact or law." (*State ex rel. Edelweiss Fund, LLC v. JPMorgan Chase & Company* (2023) 90 Cal.App.5th 1119, 1134 (*Edelweiss Fund*).)  The appellant "must demonstrate the court erroneously sustained the demurrer and 'must show the complaint alleges facts sufficient to establish every

element of each cause of action.' " (*Liapes v. Facebook Inc.* (2023) 95 Cal.App.5th 910, 919, quoting *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.) Where the trial court has sustained a demurrer without leave to amend, we review that determination for abuse of discretion. (*Aguilera v. Heiman* (2009) 174 Cal.App.4th 590, 595.) An abuse of discretion is established if we find "there is a reasonable possibility the plaintiff could cure the defect with an amendment." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) Under both of these standards, the appellant "bears the burden of demonstrating that the trial court erred." (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879.)

Leave to amend may be requested for the first time on appeal in the reviewing court if a party demonstrates how the amendment would permit her to state a cause of action or cure a complaint's defects. (*Denny v. Arntz* (2020) 55 Cal.App.5th 914, 920.) But this requires the party to "clearly and specifically set forth the 'applicable substantive law' [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it," and all specific factual allegations for the claim. (*Rakestraw v. California Physicians' Service*, *supra*, 81 Cal.App.4th at p. 43.)

" '[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.) Further, " '[w]e are not obliged to make other arguments for [appellant] [citation], nor are we obliged to speculate about which issues [appellant] intend[ed] to raise.' " (*Ibid*.) We treat a party who represents herself on appeal the same way we would treat any represented party or attorney. (*Denny v. Arntz, supra,* 55 Cal.App.5th at p. 920.)

6

From the argument headings in her opening brief, Li appears to raise four points on appeal: (1) the City violated her due process rights by failing to provide adequate notice; (2) the City's notice practices violate state and federal law for violation of California's Bilingual Services Act and potential violation of Title VI of the Civil Rights Act; (3) the trial court erred in sustaining the demurrer without leave to amend; and (4) the administrative hearing does not bar Ms. Li's claims. Li did not file a reply brief on appeal.

*Causes of action not addressed in Li's opening brief*

At the outset, we note that of the 11 causes of action in the first amended complaint, on appeal Li addresses only one of them—the ninth cause of action for violation of due process. Although she asserts that the trial court erred in sustaining the demurrer without leave to amend, as to the 10 unaddressed causes of action, she does not specifically discuss any of them or explain what facts she can allege to state a cause of action in the face of the trial court sustaining the demurrer as to each of them. Accordingly, we find that Li has abandoned her claims to these 10 unaddressed causes of action and forfeited any argument that the court erred in sustaining the demurrer without leave to amend as to them. (*Alborzi v. University of Southern California* (2020) 55 Cal.App.5th 155, 184 [where "a demurrer is sustained without leave to amend, the appellant's failure to address certain causes of action in the complaint is deemed an abandonment of those causes of action"].) Because she has waived any argument as to these 10 causes of action, we will not address them further. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

*Ninth Cause of Action for Due Process*

As to Li's first argument on appeal—her due process claim—she raises three points: (1) that the City improperly sent the notice to a post office box instead of Li's primary residence; (2) that the City failed to provide any notices or communications in her native language, effectively denying Li meaningful access to the code enforcement process; and (3) that Li never received notice regarding the inspections despite the City's claims to the contrary.

"Both the United States and the California Constitutions guarantee that government may not deprive an individual of 'life, liberty, or property, without due process of law.' (U.S. Const., 5th & 14th Amends.; Cal. Const., art. I, § 7.) To determine whether a governmental deprivation implicates the requirements of due process, 'we must look to see if the interest is within the Fourteenth Amendment's protection of liberty and property.' " (*Traverso v. People ex rel. Dept. of Transportation* (1993) 6 Cal.4th 1152, 1160 (*Traverso*), quoting *Board of Regents v. Roth* (1972) 408 U.S. 564, 571.) " 'The Fourteenth Amendment speaks of "property" generally.' (*Fuentes v. Shevin* (1972) 407 U.S. 67, 90.) In interpreting this term, the United States Supreme Court has consistently recognized that due process concerns are implicated whenever the state acts to deprive an individual of an interest in the use of real or personal property, using that term in its 'colloquial sense.' " (*Traverso*, at p. 1160.) The California Supreme Court has "likewise recognized a protectible interest in tangible personal property, including property subject to seizure and/or destruction pursuant to local ordinance or statute." (*Ibid.*) Indeed, in its respondent's brief, the City acknowledges that, "[g]enerally, the City is obligated to give notice reasonably calculated

8

under all the circumstances. [Citations]. If reasonable efforts to provide notice are made then due process is satisfied, even if notice is not received."

In her first amended complaint, Li alleges her due process rights were violated because the City did not send her a notice of the February 8, 2022 inspection, she never received any notice regarding the inspection, and that she never received notice that the City had commenced any proceedings against the property such that her "no show" at the inspection caused her damages of over five thousand dollars. The monetary damages (i.e. the fines and fees for failure to show at the inspection) alleged by Li constitute a sufficient property interest to trigger due process protections. To adequately plead a claim, a plaintiff must allege ultimate facts that apprise a defendant of the claim's factual basis. (*Davaloo v. State Farm Ins. Co.* (2005) 135 Cal.App.4th 409, 415.) Li has articulated additional specific allegations in her opening brief, consistent with her theory of the case, sufficient to permit her leave to amend this cause of action. We will reverse the judgment to allow her to do so.

We note that the City's response on appeal to Li's due process cause of action, as currently plead, is unpersuasive. First, the City claims that the first amended complaint is contradictory as to whether Li received notice, comparing the allegations of paragraph 39 (the due process claim) and paragraph 42 (the retaliation claim described above). Although we conclude that it was not error to sustain the demurrer as to the retaliation claim because it was not raised in Li's opening brief on appeal, we do not discern at this stage that the paragraphs are necessarily contradictory. Second, as is the case with most of the City's brief on appeal, the City's argument regarding due process is premised on its view of the merits, based on what it describes as the "judicially noticed record provided in Respondent's

9

demurrer," which, as we have noted, was never ruled on nor relied on by the trial court, and not properly before us.  At this stage of the proceeding, we must accept as true the material facts alleged in the first amended complaint, as best we understand them: namely that Li did not receive notice of the inspection or the hearing and did not have the opportunity to be heard.  (See *Edelweiss Fund*, *supra*, 90 Cal.App.5th at p. 1134.)

*Li's Arguments for Leave to Amend*

Li's second argument on appeal addresses her request to this court for leave to amend the first amended complaint to allege apparently new causes of action.  She asserts for the first time that the City's "notice practices violate state and federal law" for "violation of California's Bilingual Services Act" and "*potential* violation of Title VI of the Civil Rights Act." (Capitalization omitted, italics added.)  She does little more than name the statutes (and in the case of the California statute, fails even to provide a citation) and assert that she is "a limited English proficient (LEP) Mandarin speaker."  This is the sum of the argument.  It is insufficient to demonstrate how Li's complaint may be amended to state these causes of action. (*Rakestraw v. California Physicians' Service*, *supra*, 81 Cal.App.4th at p. 43.)

Li's third argument on appeal reiterates that it was error to sustain the demurrer without leave to amend and focuses on her due process cause of action.  We have already addressed this by our ruling that Li should be permitted to amend her ninth cause of action.

We need not address Li's final argument that the administrative hearing, apparently held on December 8, 2022, does not bar her claims under

10

principles of res judicata and collateral estoppel, in light of our ruling permitting her leave to amend the due process cause of action.[6]

**DISPOSITION**

The judgment of dismissal is reversed. The matter is remanded with instructions to vacate the order sustaining the demurrer without leave to amend and to enter a new order sustaining the demurrer with leave for Li to amend her complaint to allege, if she is able, a cause of action against the City for violation of due process. The parties shall bear their own costs of appeal, if any.

_____
Miller, J.

WE CONCUR:

_____
Stewart, P. J.

_____
Richman, J.

---

[6] Nor do we address the City's claim about governmental immunity for discretionary acts of City employees, since the City did not raise that argument on appeal in connection with Li's ninth cause of action for due process based on the claim that she did not receive any notice at all.