In re GRIFFIN TRADING COMPANY, INC., Debtor.

Leroy G. Inskeep, not individually but as Trustee for Griffin Trading Company, Inc., Plaintiff,

v.

Farrel J. Griffin and Roger S. Griffin, Defendants.

Bankruptcy No. 98 B 41742.
Adversary No. 01 A 00007.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Jan. 29, 2009.

Catherine L. Steege, Chicago, IL, for Plaintiff–Trustee.

E. King Poor and Matthais A Lydon, Chicago, IL, for Defendant.

## MEMORANDUM OF DECISION

BRUCE BLACK, Bankruptcy Judge.

This matter comes back before this court following a Memorandum Opinion (in case number 05 C 1834, dated January 23, 2008) and Order from the United States District Court for the Northern District of Illinois, which vacated this court's judgment following a trial on count IV of the adversary complaint and remanded for further findings, clarification, and analysis. This memorandum is limited to the question of what laws apply in this proceeding on remand. For the reasons set forth below, the court concludes that Illinois Uniform Commercial Code Article 4A, § 211(b), and § 30.7 of volume 17 of the Code of Federal Regulations will apply here.

## JURISDICTIONAL STATEMENT

The court has jurisdiction over the parties and the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157.

## BACKGROUND

Griffin Trading Company filed for bankruptcy more than ten years ago. This adversary proceeding was filed by the bankruptcy Trustee more than eight years ago against the two sole owners of the Debtor. In many ways, this case has been set back to the beginning. This court, on remand, must now decide a preliminary issue—what laws apply in this proceeding.

After a bench trial in 2004, this court found that both Defendants were liable for breach of duty of care to creditors, relying, in part, in its findings and conclusions, on Illinois Uniform Commercial Code Article 4A, § 211(b), 7 U.S.C. § 6, and 17 C.F.R. § 1.20. Judgment was entered in favor of the Trustee on January 26, 2005. That judgment was vacated by the district court in its memorandum opinion remanding this case for clarification of several issues, including whether the trustee proved causation.

A preliminary pretrial order was entered on July 30, 2008, setting forth future procedures and directing the parties to file memoranda regarding what laws apply in this proceeding. After a delay to attempt mediation and after consideration of the memoranda and responses, this court concludes that Illinois Uniform Commercial Code Article 4A, § 211(b), and 17 C.F.R. § 30.7 will apply here. The facts of this adversary proceeding are not important to the choice of law issues.

## LAW APPLICABLE TO THE LEGAL ABILITY TO STOP THE WIRE TRANSFER.

■ Count IV of the Trustee's adversary complaint alleges breach of fiduciary duty. The parties agree that there are four elements to that cause of action. To prevail on a claim for breach of fiduciary duty, the trustee must prove:

1. that Defendants were officers and directors of the Debtor;
2. that the Debtor was insolvent or within the zone of insolvency, and, thus, the Defendants' respective fiduciary duties ran in favor of creditors of the Debtor;
3. that the Defendants' actions or failures to act breached their duties of good faith, due care, or loyalty; and
4. that such breach proximately caused the damage of which the Trustee complains.

(Joint Pretrial Statement at 2)

The first two elements were determined in the Trustee's favor in a partial summary judgment entered on June 30, 2004.

At trial, the Trustee alleged more specifically, among other things, that the Defendants breached their duty of care to creditors by failing to stop a wire transfer of customer funds to a third party. The Trustee did not specifically cite the operative rule of law permitting the Defendants to legally stop the wire transfer until it was "flagged ... at the reply-brief stage of the post-trial briefing." (Dist. Ct. Memorandum Op. at 4). In his post-trial reply brief, the Trustee cited Illinois Uniform Commercial Code Article 4A, § 211(b). The Defendants did not respond in any way in the bankruptcy court to the application of Illinois Uniform Commercial Code in general or § 211(b) specifically. Instead, the Defendants first raised the choice-of-law issue in the district court on appeal and argued that the law of either England

or Germany should govern instead of the Illinois Uniform Commercial Code. The district court disagreed and concluded that the Defendants' choice-of-law argument was waived because it was impermissibly raised for the first time on appeal. *Id.*

 This court concludes that the Defendants' choice-of-law argument is also waived on remand. The Defendants argue that they have not waived the choice-of-law argument on remand because they had no obligation to respond to the Trustee's reply which recognized the Illinois Uniform Commercial Code as the operative law for the first time. (Defendants' Memorandum on the Governing Law, DKT # 179 at 8). More specifically, the Defendants argue that the Trustee had the burden to prove foreign law and that no waiver resulted from not filing a surreply. *Id.* at 8 and 10. The Defendants' argument fails for two reasons. First, the Trustee in general has no duty to prove foreign law. Second, it ignores Federal Rule of Civil Procedure 44. 1, made applicable through Federal Rule of Bankruptcy Procedure 9017. Rule 44.1 reads as follows:

> "A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law."

As a leading treatise makes clear, the Rule "requires that *any party* who intends to raise an issue concerning the law of a foreign country must give notice in the pleadings or other reasonable notice." *Collier on Bankruptcy,* 15th Edition Rev. ¶ 9017.02 (emphasis added). The Rule requires both plaintiff and defendants to give notice to the court and other parties of issues concerning the law of a foreign country. Thus, the Defendants' argument that the Trustee had the burden to give notice of foreign law fails. Here, the Defendants had the burden to give reasonable notice but failed to do so in a timely manner.

 The Defendants also argue that even if the Illinois Uniform Commercial Code does apply, the Trustee applied the wrong section of that Code. They argue that the proper and applicable section is 507(a)(1) of Article 4A, which directs that the law where the receiving banks are located governs. This court concludes, however, that the Defendants have also waived this argument, because § 507(a)(1) of Article 4A in effect raises issues concerning foreign law. If the Defendants intended to raise this issue, they had to give notice pursuant to Rule 44.1. Again, the Defendants failed to adequately give notice in a timely manner before the appeal, and the argument is waived.

 Even if this court concluded that the choice-of-law arguments regarding the wire transfer were not waived, there is no proof of foreign law or proof of a conflict of law. Although the Defendants argue that foreign law should be used, they have yet to identify what foreign law applies or explain how that law differs from forum law. In the absence of such a suggestion, this court has no choice but to presume that foreign law is the same as forum law (Illinois Uniform Commercial Code).

 The Defendants attempt to justify their failure to cite to foreign law by arguing that the law of England and Germany cannot be determined without discovery and expert testimony. This argument fails because the Defendants were required to provide, *at the least,* notice of their intention to "raise an issue about a foreign country's law." F.R. Civ. P. 44.1. Giving

notice of an intention to raise an argument certainly does not require discovery or expert testimony. The Defendants' failure to provide notice alone waives the choice-of-law arguments. If such notice had been provided, Rule 44.1 allows the court to use "any relevant material or source" to determine foreign law. Any useful evidence or information could have been considered by this court. *See In re Eagle Enterprises, Inc.*, 223 B.R. 290, 292, citing *Kalmich v. Bruno*, 553 F.2d 549 (7th Cir.1977) (unsworn opinion letter of foreign attorney properly considered as proof of foreign law). The Defendants not only failed to provide notice, but they also failed to attempt to provide any evidence of foreign law. With no notice or evidence here, foreign law cannot apply in this case.

## LAW APPLICABLE TO THE SEGREGATION OF CUSTOMER ACCOUNTS.

■ On remand, if the court determines that the Defendants are liable to the Trustee under count IV, the issue of damages will have to be addressed. That issue will depend, in part, on what the Defendants' obligation was to segregate customer funds. This court concludes that Part 30 in Chapter 17 of the Code of Federal Regulations applies in this case regarding segregation of customer accounts. After the district court issued its memorandum opinion, which did not address the choice-of-law as to the segregation of customer accounts, it became clear to all the parties that the law governing the segregation of customer accounts is *not* 7 U.S.C. § 6 or 17 C.F.R. § 1.20. This realization was supported by a brief filed by the Commodity Futures Trading Commission ("CFTC") on May 29, 2008. Section 30.7 clearly applies because that section, unlike § 1.20, governs customers' assets that are used for trading activity on foreign boards of trade, as opposed to domestic boards of trade.

■ Although a court generally should not reconsider issues decided in earlier stages of litigation, reconsideration is warranted if a "compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006). Although the CFTC was silent during the initial stages of litigation on these issues, its brief significantly clarifies the law and showed that the earlier ruling was at least in part erroneous because the rules governing domestic boards of trade are different than those governing foreign boards of trade. With this clarification, this court should now apply the correct standard, and the issues regarding segregation of customer accounts will be governed by 17 C.F.R. § 30.7.

## CONCLUSION

Federal Rule of Civil Procedure 44.1 directs that any party wishing to raise issues of foreign law *must* give notice to the court and other parties. The Defendants waived the choice-of-law argument because they failed to give notice and failed to provide any evidence of foreign law. Illinois Uniform Commercial Code Article 4A, § 211(b) will apply to the issue regarding the Defendants' ability to stop the wire transfer. The segregation of customer accounts will be governed by 17 C.F.R. § 30.7 because the earlier ruling that the law governing the segregation of customer accounts is 7 U.S.C. § 6 and 17 C.F.R. § 1.20 was erroneous.