NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2022*
Decided January 6, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-3344

| | |
|---|---|
| TED KNOX, <br>     *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 17-CV-494-DWD |
| ANGELA WALTER and WEXFORD HEALTH SOURCES, INC., <br>     *Defendants-Appellees.* | David W. Dugan, <br> *Judge.* |

**O R D E R**

Ted Knox, an Illinois inmate, appeals the entry of summary judgment on his medical deliberate-indifference claims against a prison nurse and Wexford Health Sources, Inc., the prison's private health care provider. We affirm.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Knox, who is housed at Menard Correctional Center, asserts that he sustained injuries—cuts on his wrist, pain and swelling in his neck and shoulders, and general feelings of lightheadedness and dizziness—during a tactical unit's shakedown of his cell house. Several days later, when the facility was on lockdown, Knox submitted medical request slips to the healthcare unit requesting treatment. Angela Walter, a prison nurse, evaluated Knox in his cell and noted that his blood pressure was elevated. As for his reports of a painful neck and shoulder, she saw no swelling, weakness, or numbness, but she put in an order for ibuprofen (which he says he never received). Knox testified that his request for a transfer to the healthcare unit was denied because the prison was on lockdown.

Four days later, Walter evaluated Knox in his cell again. She recorded that his blood pressure continued to be high, so she referred him for a blood pressure evaluation as soon as the lockdown was lifted.

Knox received no medical treatment until the lockdown ended a month later, when he was evaluated by a physician at the healthcare unit. At that visit, the doctor ordered a series of blood-pressure checks and gave him ibuprofen and bandages for his wrist injuries. When Knox complained to the doctor about the delay in treatment, the doctor replied that prisoners were not allowed to receive treatment during a lockdown.

Knox brought deliberate-indifference claims against Walter and Wexford. *See* 42 U.S.C. § 1983. He asserted that Walter denied him medical care by refusing to take him to the healthcare unit during the lockdown, and that Wexford had an unconstitutional policy during lockdowns of denying healthcare to inmates.

During discovery, Wexford sought a protective order over its policies regarding inmate medical care. Wexford argued that disclosure of the documents could encourage baseless litigation by nonparty inmates and reveal trade secrets to competitors. The court granted Wexford's motion, permitting Knox to review but not retain copies of the documents. The court denied Knox's later request for reconsideration: In the court's view, the relatively short length of Wexford's documents meant that Knox would not be prejudiced by the time restrictions set for his review. Knox also moved for the recruitment of counsel. The court denied this request too, concluding that Knox appeared capable of proceeding pro se based on his ability to present logical and effective arguments.

The district court ultimately entered summary judgment for Walter and Wexford. With regard to Walter, the court concluded that Knox failed to present evidence from which a jury could find that she ignored his needs, considering that she ordered him ibuprofen and referred him to see a doctor. As for Wexford, the court concluded that there was no evidence that the company had an unconstitutional policy, let alone one that was a moving force behind any constitutional violation. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

On appeal, Knox first challenges the summary judgment for Walter, arguing that the court improperly discounted his testimony that she refused to transfer him to the healthcare unit despite his serious medical condition. But as the court explained, no reasonable jury could find that she consciously disregarded a serious risk to Knox's health. *Johnson v. Dominguez*, 5 F.4th 818, 824–25 (7th Cir. 2021). The record shows that Walter, upon evaluating Knox and noting his pain, ordered ibuprofen for him and returned four days later to check on him, at which point she referred him for a blood-pressure evaluation.

Knox next challenges the summary judgment for Wexford, contending that the court ignored evidence that Wexford had an unconstitutional policy of prohibiting medical care for inmates during lockdown. In support, he points to his doctor's statement that inmates were not permitted to go to the healthcare unit during lockdown. But the district court rightly concluded that Knox produced no evidence that Wexford maintained an official policy, practice, or custom that caused a constitutional violation. *Monell*, 436 U.S. at 690–91; *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016). The record reflects that facility operations and security fall within the control of the Illinois Department of Corrections, not Wexford. Further, it is undisputed that the lockdown policy was not absolute: Wexford presented evidence that, had there been a medical emergency, Knox could have been taken to the healthcare unit. And Knox presented no evidence that any Wexford employee violated the Eighth Amendment. (Walter is employed by the Illinois Department of Corrections, not Wexford.) *See Gaston v. Ghosh*, 920 F.3d 493, 496–97 (7th Cir. 2019).

Knox also disagrees with the district court's reasons to leave in place the protective order that applied to Wexford's internal policy documents. But the court's ruling reflects an appropriate exercise of its discretion. Knox gave the court no "compelling reason" to reconsider its issuance of a protective order, *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006), especially after Wexford had

articulated the burdens and expense it would face if the documents were made public. *See* Fed. R. Civ. P. 26(c)(1).

Finally, Knox challenges the district court's denial of his request for recruited counsel. He argues he needed a lawyer to help him articulate persuasive arguments about Wexford's policies, given the limitations imposed on his preparation as a result of the court's protective order. But the court acted within its discretion to deny Knox's request. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). The court appropriately determined that Knox appeared competent to litigate his claims on his own, as demonstrated by the quality of his pleadings and discovery filings and the straightforward nature of his claims.

AFFIRMED